EDWARD J. LUTTERLOH, APPELLANT, VS. THE MAYOR AND COUNCIL OF THE TOWN OF CEDAR KEYS, RESPONDENTS.

1. The erection of a building in the centre of a street sixty feet wide, to be used for a market for meat, fish, &c., and as a pound for confining swine and other animals and as a jail, in front of places of business or private residence, would be both a public and private nuisance, and the courts of equity will interfere to prevent or abate it in behalf of any one likely to sustain an injury thereby.

2. The corporate authorities of a town have no right to appropriate the public streets to any other uses than that of travel, or right of way, to which they were dedicated, and the convenience of the whole pub-

lic, and they cannot lawfully obstruct the streets with public or private buildings; and any person whose property is especially injured thereby, may have the aid of the courts of equity to restrain such improper appropriation.

Appeal from the Circuit Court for Levy county, Fifth Judicial Circuit.

A statement of the case appears in the opinion of the court.

*Thomas F. King*, and *Papy & Raney*, for Appellant.

—— *Jackson* for Appellees.

RANDALL, C. J., delivered the opinion of the court.

Plaintiff filed his complaint for an injunction against the corporate authorities of the town of Cedar Keys to restrain them from erecting a market-house, public pound and jail, in the centre of a street sixty feet wide, in the immediate front of a building of the plaintiff, occupied as stores and sleeping apartments, and suitable for a dwelling house—the proposed edifice to be twenty by thirty feet. The market place is designed to be used for the sale of meat, vegetables, fish, &c.; the pound for the shutting up of hogs and other animals, and the jail for the confinement of disorderly people and criminals. The complaint alleges that on account of the location, and the character of the purposes designed in the erection of the house, it will be a nuisance, and will seriously and injuriously affect the value of his property and render access to it from one direction inconvenient, and that it will obstruct travel.

After service of process and notice of an application for an injunction, the judge refused the injunction. There was no answer or counter affidavit.

The plaintiff appeals from this refusal. There can be no question that the facts stated in the complaint show an intention on the part of the corporate authorities to erect a public as well as a private nuisance.

In addition to the alleged offensiveness of such an institution immediately in front and so near the habitations of families and places of business, the obstruction of the public street in this manner is unwarranted. The corporation of the town has no more right to erect such an obstruction in the highway than has any private citizen. The right of occupancy of the street by the public is a mere easement or right of passage. The rights of owners of adjacent lots fronting on the street are greater than this; they have also a private right and interest. The purchasers of town lots have generally located their houses and invested their money with reference to the streets, and their property is necessarily affected by the permanent closing or partial closing of these avenues; and upon various considerations, if special injury be threatened, they may demand that their property be protected against injury by such permanent obstructions and nuisances. The reported cases show no instance in which, upon such circumstances as are here stated, the courts of equity have failed to protect private rights by an injunction or other necessary process to prevent or abate the nuisance.

The order of the judge is reversed, and this cause remanded with directions that an injunction be allowed. The appellant will recover costs of the appeal and proceedings in this court.