Cross v. The St. Louis, Kansas City & Northern Railway Company.

CROSS v. THE ST. LOUIS, KANSAS CITY & NORTHERN RAIL· WAY COMPANY, *Appellant.*

1. **Railroad Track in Public Street:** LIABILITY OF COMPANY FOR DAMAGES. Where a municipality, being authorized by its charter, confers upon a railroad company the right to lay its track in a street, the right is to lay it on the grade of the street. If embankments are raised by the company to lay the track upon, above the grade, the company will be liable to property holders in damages for obstructing the access to their property.

2. ——: ——: PLEADING. The petition in an action to recover such damages need not allege that the erection of the embankment was unnecessary.

*Appeal from Chariton Circuit Court.*—HON. G. D. BURGESS, Judge.

AFFIRMED.

*Wells H. Blodgett* for appellant.

*A. W. Mullins* for respondent.

HENRY, J.—The petition alleges that plaintiff is the owner of certain lots in the city of Brunswick, upon which there are dwelling and other houses of the value of $2,000; that said lots front on Mulberry, corner on Jackson street in said city, and that prior to the acts of defendant, herein complained of, said streets were dedicated and used as public highways; that in the year 1876 the defendant, without authority of law, and against the rights of plaintiff, wrongfully constructed its railroad track upon Mulberry street in front of said lots, and dug ditches and erected high embankments, whereby said street and the crossing of Jackson street were so obstructed that they could not be used by plaintiff for the benefit of said lots, to her damage in the sum of $1,000. The answer alleged authority from the corporate authorities of said city to lay its track upon said street, and that defendant did not dig up the earth, subvert the soil, or make embankments or dig ditches in said street other than was necessary in the proper construction of the road; and the replication admitted that defendant had the permission of the corporate authorities of the city to lay its track upon said street.

The evidence for plaintiff tended to prove that the embankment on which the track was laid, was from twelve to eighteen inches above the level of the street, and that defendant dug ditches on either side of the track nearly two feet deep, and that plaintiff's property was thereby diminished in value one-half. Witnesses for defendant

testified that plaintiff's property was not injured by the road.

The court, for the plaintiff, instructed the jury as follows :

1. Although defendant had a right to locate and build its railroad along and upon Mulberry street, yet, if it located and constructed its railroad in said· street in front of plaintiff's lots by making its road-bed and grade above the grade or level of said street, and has thereby unnecessarily impaired the usefulness of said street, or has failed to restore said street to its former condition of usefulness, and plaintiff's property has been injured or lessened in value thereby, then the jury should find their verdict for plaintiff, and will assess her damages at such sum as they may believe from the evidence her property has been reduced in value by such construction of defendant's railroad in said street, not exceeding the sum of $600.

The following, asked by defendant, were refused :

2. If defendant laid its track by permission of the corporate authorities of Brunswick in Mulberry street upon the grade of said street, then defendant is not liable for any damages resulting from such manner of laying said track, though they may have had to build up to the end of the cross-ties on the street to make it level with the grade of said street in the center or highest point upon which said track was laid.

3. Under the pleadings and evidence in this case the plaintiff is not entitled to recover.

4. If the jury find from the evidence that the city authorities of the city of Brunswick granted the right to defendant to lay and run its railroad along Mulberry street, and if they further find that defendant did lay the track along said street, and that the railroad so laid did not, and does not, prevent the public from using the street, except upon that part of it on which the track is laid when in actual use by defendant for the passage of trains, then they

are instructed that under the pleadings the verdict should be for defendant.

5. If the jury believe from the evidence that defendant had authority and permission from the city of Brunswick to locate and construct its railroad along Mulberry street, then they are instructed that such location and construction was neither unlawful nor wrongful, and that under the pleadings in this case the plaintiff cannot recover, and the verdict should be for defendant.

From a judgment in favor of plaintiff for $240, defendant has appealed, and it is contended by its counsel that on the petition plaintiff had no right to recover, because, as he insists, the petition complains of a nuisance, created by malfeasance, while the only instruction given at plaintiff's request, authorized a recovery for one created by misfeasance or for the negligent or improper performance of a lawful act.

In the case of *Randle v. Pacific R. R. Co.,* 65 Mo. 325, upon which counsel mainly relies, the petition contained **1. RAILROAD TRACK IN PUBLIC STREET: liability of company for damages.** no allegations that, by embankments, ditches or other obstructions placed in the street in the construction of the road, his property was injured. The only complaint was that the road was laid on Poplar street, and that soot and smoke emitted by the engines drawing the trains of cars, and heavy trains of cars passing over the road shaking his building, rendered the occupation of the building uncomfortable. The only complaint was of the laying the track which the company was authorized to do, and of those incidents to the operation of the road which were necessarily included in the right given to lay the track on the street. Conceding the right to lay the track in the street and its proper construction at the grade of the street, the company was not liable for any inconvenience to property holders resulting from a proper and prudent operation of the road. The petition in the case at bar alleged that in constructing the road, the company made high embankments in the street,

21—77

and dug ditches on either side of the track of the railroad which obstructed access to her lots.

The doctrine on this subject is stated by Judge Napton in his separate concurring opinion in the case of *Tate v. M., K. & T. R. R. Co.*, 64 Mo. 158, as follows: "It is further determined that where the charter of the municipality so allows, a railroad may be constructed on a street by permission of the municipal authorities, and neither the municipal corporation nor the railroad company will be responsible for the inconvenience and damage resulting from such construction. (*Porter v. N. M. R. R. Co.*, 33 Mo. 120.) But these principles apply only to a railroad constructed on the grade of the street, when the only obstruction is the passage of trains, and not where embankments have been made above the grade, or where the street is used for side-tracks or other structures for the convenience of the road." The doctrine announced by him is, that the right conferred by the municipal authorities upon a company to lay its track upon the street of a city is to lay it on the grade of the street, and that if embankments are raised by the company to lay the track upon, above the grade, the company is liable to property holders in damages for obstructing the access to their property. To the same effect are *Lackland v. N. M. R. R. Co.*, 31 Mo. 180; *Swensen v. City of Lexington*, 69 Mo. 157.

The instructions No. two and four, asked by defendant and refused, were properly refused, because there was no evidence to base them upon. No witness testified that the embankment was not above the grade of the street, and testimony to the effect that plaintiff's property was not injured by the laying of the track in the street, is not equivalent evidence. Such witnesses may have thought that other benefits to the property from the laying of the track in the street, was equal in value to the detriment occasioned by the embankments.

It is plausibly urged that the petition should allege that the erection of the embankment was unnecessary, and

**2.** ——— : ———; resulted from a negligent construction of the pleading. road, and while it is not so clear, upon principle, that this allegation is not necessary, yet in all of the cases above cited, the petitions were similar to the one under consideration in that respect, and on these authorities the judgment is affirmed. All concur, except Judge RAY, who, having been of counsel, did not sit in the case.