RUDE v. THE CITY OF ST. LOUIS *et al.*, *Appellants*.

1. **Obstruction to Street**: PROPERTY OWNER : DAMAGES. A property owner, in order to recover damages for an obstruction to a highway, must show that the damages suffered are peculiar to him, being such as are different in kind, and not merely in degree, from those sustained by other members of the community.

2. —— : —— : ——. Generally, where damages have been awarded to a property owner for an obstruction in the street, the obstruction has been at that part of the street upon which the property abutted, yet there may be exceptions to this, e. g., where, while the property does not abut on the street, it communicates with the latter by a private way.

3. —— : —— : ——. The plaintiff in this case, who sued for damages to his lot occasioned by an excavation in the street five hundred feet south of his lot, so as to render the street impassable for teams, held not entitled to recover.

Rude v. The City of St. Louis.

93 408
179 56
179 714

*Appeal from St. Louis City Circuit Court.*—HON. A. M. THAYER, Judge.

REVERSED.

*T. J. Portis* and *Bennett Pike* for the Missouri Pacific Railway Company, appellant, and *H. S. Priest* for the Wabash, St. Louis & Pacific Railway Company, appellant.

(1) The words, "taken or damaged," employed in the constitution of 1875 (art. 11, sec. 21), do not give the persons whose property is taken or damaged any right of action which did not exist at common law, in cases where the work that wrought the injury was unauthorized by legislative enactment; or, to state the principle affirmatively, the word "damaged" gives to the party whose property is injured by authorized public work, the same remedy which he would have enjoyed at common law if the work had not been authorized, provided he suffer a peculiar or special damage in regard to the property. *McCarthy's case,* L. R. 7 H. L. 243; *Walker's case,* L. R. 7 App. Cases, 259; *Ricket v. Railroad,* L. R. 2 H. L. 175; *Railroad v. Ogilvy,* 2 Macq. 229; s. c., 1 Patterson [Scotch App. Rep. H. L.] 474; *Rigney v. Chicago,* 102 Ill. 64; *Shawneetown v. Mason,* 82 Ill. 343; *Hyde Park v. Dunham,* 85 Ill. 576. (2) The "damage" for which a property owner can recover, under this enlargement of the constitutional provision, must be an injury to the property itself—that is, either a physical invasion of the *corpus,* or some appurtenant, incident, or privilege attached to it. Cases *supra.* (3) As to all damages of a personal character, such as the manner and purposes of use, inconvenience to the business conducted upon the land, etc., the authority of the legislature or municipality to do the work is a perfect immunity, unless the work be

negligently done, and therefrom special injury ensue. Cases *supra*. (4) If the work be unauthorized, or the authorized work be negligently done, a nuisance is created. But this does not give an individual ground of action, unless there be, as to the individual, a peculiar damage, of a different kind and character to which other members of the community are or may not be subjected. It is not sufficient that such individual member suffer more in degree than others of a community. *Dougherty v. Buntin*, 1 Sandf. [N. Y.] 1; *Lansing v. Smith*, 8 Cowan, 146; *Foster v. Mayor*, 43 N. Y. 414; *Kellinger v. Railroad*, 50 N. Y. 206; *Smith v. Boston*, 7 Cush. 254; *Bridgman v. Fairhaven*, 7 Gray, 271; *Fall River Iron Works v. Railroad*, 5 Allen, 211; *Blackwell v. Railroad*, 122 Mass. 1; *Venard v. Cross*, 8 Kan. 248; *Railroad v. Andrews*, 26 Kan. 702; s. c., 30 Kan. 590; *Fritz v. Hobson*, 19 Am. Law Rep. 624, note. (5) The plaintiff neither alleged nor proved any damage to his property, or any incident, privilege, or appurtenant to it; or that, in regard to his property, he suffered a peculiar injury. *Bailey v. Culver*, 12 Mo. App. 175, and authorities *supra*. (6) The city of St. Louis is the only party liable in this case, if any one must respond. It had, and has, the power to establish and alter the grade of the streets. Whatever damages follow upon its action in that behalf must fall upon it; certainly not upon the person in front of whose property the street is depressed to conform to the grade so established, or upon one who may have a franchise or privilege in or across the street, the grade of which is lowered. City Charter of St. Louis, sec. 26; R. S., p. 1585. (7) The damages awarded by the jury were grossly excessive. (8) The court erred in excluding the evidence of Mr. Turner, street commissioner, by whom the defendants proposed to prove that the obstruction was only temporary. Besides, the plaintiff was only entitled to recover for damages sustained up to the time of the suit. *Hop-*

Rude v. The City of St. Louis.

kins v. Railroad, 50 Cal. 190 ; Cain v. Railroad, 54 Ia. 255.   (9) The court gave, of its own motion, improper instructions, and refused proper instructions asked by the defendants.   (10) At common law, the plaintiff would have no right of action for damages, even peculiar to himself, where the alteration in the grade of a street, or its improvement, was made in an ordinarily reasonable mode, deemed wise and beneficial to the public by the proper public officers. *Rigney v. Chicago,* 102 Ill. 83 ; *Nevins v. Peoria,* 41 Ill. 508; *Shawneetown v. Mason,* 82 Ill. 337.

*Leverett Bell* for the city of St. Louis, appellant.

(1)   The obstruction in Twenty-third street complained of occurred at a point five hundred feet distant, and south of the plaintiff's premises.   The damage sustained by the plaintiff was common to all property in the neighborhood, and arose from the same cause.   The above are uncontradicted facts, and were established by the testimony given by the plaintiff's witnesses.   They constitute, so far as the city is concerned, a complete defence to this action.   *Smith v. Boston,* 7 Cush. 254 ; *Willard v. Cambridge,* 3 Allen, 574 ; *Blood v. Railroad,* 2 Gray, 140 ; *Price v. McCoy,* 4 Ia. 536 ; *McCowen v. Whiteside,* 31 Ind. 236 ; *East St. Louis v. O' Flynn,* 119 Ill. 182 ; *Chicago v. Union Building Association,* 102 Ill. 379 ; *Little v. Lincoln,* 106 Ill. 353.   (2) The obstruction was not contiguous to plaintiff's premises.   It was situated five hundred feet south of the same.   This fact precludes recovery.   *Bailey v. Culver,* 12 Mo. App. 175 ; s. c., 84 Mo. 531.   (3) The work of creating the obstruction in Twenty-third street, complained of, was executed by the railway companies, defendants herein.   The city took no part in the execution of said work.   (4) The court below erred in instructing the jury that the measure of plaintiff's recovery was the loss he had sustained

in the diminished value of his premises. He was enti-
tled only to such damages as the evidence disclosed he
had sustained prior to the commencement of the action.
*Uline v. Railroad*, 101 N. Y. 98.

*M. F. Taylor* and *Julian Laughlin* for respondent.

(1) Under our laws, municipal corporations have
the right to grant permission to railway companies to
lay tracks, either across or along the highways, provided
such tracks be laid at grade. *Lackland v. Railroad*,
31 Mo. 180; *Swenson v. City of Lexington*, 69. Mo. 157.
(2) The municipal authorities have no power to grant
permission to lay a railway track along or across a
street, either above or below the grade, and, if a track so
laid destroys access to property, the owner has a right
of action against both the city and the company laying
the track. *Porter v. Railroad*, 33 Mo. 120; *Swenson v.
City of Lexington*, 69 Mo. 157; *Cross v. Railroad*, 77
Mo. 318; *Bailey v. Culver*, 12 Mo. App. 184; s. c., 84 Mo.
531; *Bridge Co. v. Schaubacher*, 57 Mo. 584; *Ferren-
bach v. Turner*, 86 Mo. 419. (3) Where an error has
been committed, as against one of the defendants, and
the ends of justice do not require a retrial of the cause
as to the others, this court will not reverse, but will
enter such judgment as, upon all the facts, should have
been rendered in the trial court. *Hunt v. Railroad*, 89
Mo. 607.

BLACK, J.—The plaintiff owns, and for many years
has owned, a lot in St. Louis at the corner of High street
and Scott avenue, and upon which he has three build-
ings, two dwelling-houses and a one-story grocery-store.
About five hundred feet south of his property, the
tracks of the Missouri Pacific Railway Company and the
Wabash, St. Louis, and Pacific Railway Company cross
High street in an east and west direction. High
street runs north and south. These tracks were at the

grade of the street, and were put down and used by authority of law. The city built a viaduct, or bridge, over the tracks at Jefferson avenue, which is the next street west of High street. In November, 1880, the city, by ordinance, gave the railroad companies permission and authority to depress their tracks at Jefferson avenue and High street. This was done to accommodate and conform to a system of bridges, which the city was building, and expected to build, over the railroad tracks, and pursuant to an agreement, before made, by the city and the railroad companies. After the passage of this ordinance, and pursuant to the previous agreement with the city, the railroad companies depressed their tracks at Jefferson avenue and High street. This work was done in the winter of 1880 and 1881, and it left an excavation across High street from four to six feet in depth. The street remained in that condition, wholly impassable for teams, to the trial of this cause, in 1884. At the time of the excavation, High street was an improved public highway.

Plaintiff brought this suit against the city, and both of the railroad companies, to recover damages because his property had been permanently injured, and its rental value depreciated by reason of the obstruction in the street. He recovered judgment for two thousand dollars for permanent injuries to his property, and defendants appealed. The defendants have made a controversy as between themselves, which we do not stop to consider. There is no doubt but the right of an owner of a lot in a town or city to the use of the adjoining street is a property right, and a right of which he cannot be deprived without just compensation. This right, it has been said, is as much property as the lot itself. *Lackland v. Railroad*, 31 Mo. 181; *Bridge Co. v. Schaubacher*, 57 Mo. 580; *Ferrenbach v. Turner*, 86 Mo. 416.

As showing that the plaintiff has been deprived of that right, we are cited to the following cases: *Lack-*

*land v. Railroad, supra; Swenson v. City of Lexington,* 69 Mo. 157; and *Cross v. Railroad,* 77 Mo. 318. These cases recognize the right of a railroad company to lay down and use its track upon a street, when that right is conferred upon it by the municipality, the municipality having the power delegated to it to grant that right; still the track must be laid upon the grade of the street and the railroad so used as not to unreasonably deprive the owner of the property of the use of the street. In the first of these cases, the defendant built a main and side track, with a connecting switch, upon an embankment in front of plaintiff's property; so in the other cases, the obstructions were in the street, and in front of the property owned by the plaintiff, and wholly, or to an unreasonable extent, cut off communication to and from the street. But, in this case, the obstruction is five hundred feet south of the plaintiff's lot.

In Dillon on Municipal Corporations, we find this statement: "Although the distinction between the nature of the rights of the public in a street, and the right of an individual proprietor *to access to his premises* from the street, has been often overlooked, yet it is one which has been asserted by high authority. The right of an abutting owner to access to and from the street is a *private right,* in the sense that it is something different from the right which the members of the public have to use the street for public purposes. Conformably to this distinction, and in part based upon it, a person owning or in possession of premises abutting on the public highway or street, *whose right of access to the same is unreasonably or unlawfully obstructed,* may recover from the person causing such obstruction damages for the private injury he sustains, where such damages are particular, direct, and substantial." Sec. 730 [3 Ed]. So the law is quite well settled that the property owner must show, to entitle him to

recover damages for an obstruction to a highway, that the damages are peculiar to him, different in kind, and not merely in degree, from those suffered by other members of the community. *Dougherty v. Bunting*, 1 Sand. 1 ; *Lansing v. Smith*, 8 Cowan, 146 ; *Bailey v. Culver*, 84 Mo. 531 ; *Willard v. City of Cambridge*, 3 Allen, 574 ; *Venard v. Cross*, 8 Kan. 254 ; and notes to *Fritz v. Hobson*, 19 Am. Law Reg. 624.

Generally, where damages have been awarded to a property owner for an obstruction in the street, the obstruction has been in that part of the street upon which the property fronted ; yet it cannot be said that this is always essential to a recovery. The property may not be on the street, yet may communicate with it by means of a private way, in which event it would seem that an obstruction at the private way would be an infringement of a private right. Now, in this case, the plaintiff has perfect access to his property. It is only when he goes south, passing Scott avenue and another street, that he comes in contact with the obstruction, the nuisance. His inconvenience, and that of persons going to and from the grocery is precisely the same in kind as that of all other persons who desire to use High street. His may be greater in degree, but not different in kind. The nuisance is a public one, and the physical facts show that the damages to the property are due to a public, and not to a private, wrong. There can be no action for private damages due to a wrong, which, as to the plaintiff, is public only.

Nor does section 21 of article 2, of our present constitution, which provides, "that private property shall not be taken or damaged for public use without just compensation," aid the plaintiff in this action. Before the adoption of the constitution of 1875, it had been repeatedly held by this court that a city was not liable to an abutting property holder for damages resulting from the grading or re-grading of the street, when done

by authority of charter powers. *Hoffman v. City of St. Louis*, 15 Mo. 651, and cas. cit. Of course, without such power or any statutory law, the city would have been liable, if the plaintiff brought himself within the rules before stated as to special and peculiar injuries. Conceding that the constitutional provision of 1875 goes so far as to give a remedy where there would have been one for damages, but for the charter power or other statutory law, still, as we have seen, the plaintiff has not brought himself within the rule.

The section of our constitution, as to taking or damaging private property for public use, is the same as that of the state of Illinois. The Supreme Court of that state, in *Rigney v. City of Chicago*, 102 Ill. 80, in discussing this section of the constitution of that state, uses the following language: "In all cases, to warrant a recovery, it must appear that there has been some direct physical disturbance of a right, either public or private, which the plaintiff enjoys in connection with his property, and which gives to it an additional value, and that, by reason of such disturbance, he has sustained a special damage with respect to his property in excess of that sustained by the public generally." This is further qualified by the statement that, "in the absence of any statutory or constitutional provision on the subject, the common law afforded redress in all such cases, and we have no doubt it was the intention of the framers of the present constitution to require compensation to be made in all cases where, but for some legislative enactment, an action would lie by the common law."

Under this rule, which goes as far in favor of damages as we are willing to go, the plaintiff cannot recover, for he has not shown that he has suffered any damages special and peculiar to his property. There is, therefore, no use of remanding this cause, and the judgment will be simply reversed. All concur.