GEORGE MARTIN, Respondent, v. THE CHICAGO, SANTA FE & CALIFORNIA RAILWAY COMPANY, Appellant.

Kansas City Court of Appeals, December 7, 1891, and January 18, 1892.

1. **Municipal Corporations**: STREETS, LOT-OWNER'S PROPERTY IN. The right of a lot-owner to the use of the adjoining street is a property right of which he cannot be deprived without just compensation, and the municipality, or its grantee, is liable to him for damages resulting from the change of grade thereof.

2. ———: ———: IMPAIRING USEFULNESS OF STREET: LESSENED VALUE OF LOT: INSTRUCTION. The evidence in this case justifies the giving of an instruction telling the jury that if the defendant built an embankment in the street in front of plaintiff's property, thereby making the street higher than the lot, and by so doing injured the usefulness of the street and lessened the plaintiff's property in value, then the finding should be for the plaintiff.

3. ———: ———: ———: ———. Certain instructions reviewed and compared, and found to be neither misleading nor prejudicial to the appellant.

4. ———: ———: ———: DAMAGES. The measure of damages to a lot, caused by building an embankment in the street in front thereof, is the difference between the market value of the property immediately before the injury occurred and its value after the injury is completed.

*Appeal from the Linn Circuit Court.*—HON. G. D. BURGESS, Judge.

AFFIRMED.

*Gardiner · Lathrop, A. W. Mullins* and *S. W. Moore,* for appellant.

(1) We submit that, where the petition counts on a malfeasance, an instruction which permits a recovery, although the thing complained of was done under lawful

authority, is fatal error. (2) Whether or not the construction of the embankment "impaired the usefulness of the street," is wholly immaterial to the merits of this action. *Churchill v. St. Louis*, 97 Mo. 85; *Canman v. City of St. Louis*, 97 Mo. 92. When the usefulness of the street is impaired, it is a matter of public concern and not the subject of private action for damages. (3) Whether or not "plaintiff's property has been injured or lessened in value," is wholly immaterial to the issue. The naked fact, if it be true, that the building of the bridge and the approach thereto, has diminished the value of plaintiff's property, does not entitle plaintiff to recover. *Building Ass'n v. Telephone Co.*, 88 Mo. 258; *Rude v. City of St. Louis*, 93 Mo. 408; *Fairchild v. City of St. Louis*, 97 Mo. 87. (4) The instruction was erroneous in not directing the jury to consider only those elements of damage, which were different in kind, not merely in degree, from those sustained by other members of the community. *Rude v. St. Louis, supra; Canman v. St. Louis, supra; Fairchild v. St. Louis, supra; Dougherty v. Buntin*, 1 Sandf. (N. Y.) 1; *Lansing v. Smith*, 8 Cowan, 146; *Foster v. Mayor*, 43 N. Y. 414; *Kellinger v. Railroad*, 50 N. Y. 206; *Smith v. Boston*, 7 Cush. 254; *Bridgman v. Fanhausen*, 7 Gray, 271; *Iron Works v. Railroad*, 5 Allen, 211; *Blackwell v. Railroad*, 122 Mass. 1; *Venard v. Cross*, 8 Ransom, 248; *Railroad v. Andrews*, 26 Kan. 702; *Fritz v. Holson*, 19 Am. Law Rep. 624. (5) The second instruction given by plaintiff overlooks the fact that the gist of this class of actions is an injury to the ingress and egress—to the right of access to the property which is an incident to the ownership of the soil. The property may be damaged by the bridge, its value may be absolutely taken away, but the owner cannot complain, so long as the access to his property is not seriously impaired or destroyed. (6) The plaintiff's fourth instruction on the measure of damages is erroneous for the reasons: *First.* The law does not

give the plaintiff damages " for obstructing Gracia avenue," as shown by the authorities above set forth. *Second.* The approach to the bridge, if anything, is a nuisance, temporary in its character, and ·the measure of damages would be the diminution in rental value. It exists to-day, and may be removed to-morrow. The petition, evidence and ·instructions proceeded upon the theory that the measure of damages was the diminution in value of the inheritance. This was error. *Pinney v. Berry*, 61 Mo. 359 ; *Benson v. Railroad*, 78 Mo. 504; *Brown v. Railroad*, 8 Mo. 457 ; *Jackson v. Railroad*, 41 Fed. Rep. ·656 ; *Smith v. Railroad*, 98 Mo. 20.· ( 7 ). The evidence was clear that there was sixteen feet between plaintiff's lot and the nearest point of the embankment. His sidewalk was four feet wide. We submit that with this space the plaintiff's right of access to his lot has not been " unreasonably or unlawfully impaired." It has been so decided as a matter of law in other jurisdictions. *Bridge Co. v. Foote*, 9 Bush (Ky.) 264 ; *Railroad v. Brughan*, 38 Am. & Eng. R. R. Cases, 444 ; *Railroad v. Eberle*, 110 Ind. 542 ; *Rochette v. Railroad*, 17 Am. & Eng. R. R. Cases, 192.

*Harry K. West*, for respondent.

( 1 ) Given as it was, the third instruction is not error prejudicial to the defendant, and will not authorize a reversal of the judgment. R. S. 1889, sec. 2303, and cases cited in note. ( 2 ) The petition in this case, and the instruction under consideration, are copied almost literally from the petition and the plaintiff's first instruction in case of *Cross v. Railroad*, 77 Mo. 318. The plaintiff's first instruction was correct, and on the undisputed facts of the case the plaintiff was entitled to recover. *Cross v. Railroad*, 77 Mo. 318 ; *Sheehy v. Railroad*, 94 Mo. 574 ; *Lackland v. Railroad*, 31 Mo. 180 ; *Werth v. City of Springfield*, 78 Mo. 107 ; *Householder v. City of Kansas*, 83 Mo. 488. ( 3 ) The measure

of damages in cases of this character is "the difference between the market value of the land immediately before the injury occurred, and the like value after the injury is complete." *Taylor v. Railroad*, 38 Mo. App. 666; *Babb v. The Curators of the University of the State of Missouri*, 40 Mo. App. 173; *Sheehy v. Railroad*, 94 Mo. 574. The cases cited and relied upon by the defendant's counsel are not in conflict with this rule. *Taylor v. Railroad, supra.* (4) The able counsel for defendant in the last paragraph of their brief seriously present to this court the proposition that, as the defendant has not taken all of the street in front of plaintiff's property, but has left a few feet of ground between its embankment and his sidewalk through which he can squeeze into his boarding house, therefore plaintiff cannot recover. This case was brought upon the theory that there were times when the plaintiff needed and was entitled to the use of the entire street in order to get to his property. If the law is as claimed in the last paragraph of the defendant's brief, the plaintiff ought to congratulate himself that he still has his lot.

SMITH, P. J.—The plaintiff's petition alleges that he was the owner of a certain lot and the improvements thereon fronting on Gracia avenue, one of the public streets in the city of Marceline; that the defendant without authority of law wrongfully and negligently built and constructed and maintained a high and wide embankment in and upon said avenue in front of plaintiff's lot, whereby said street was so obstructed that it could not be used by plaintiff for the use of plaintiff's said lot and improvements, by reason of which he was damaged, etc.

The answer was first a general denial and then alleged, *inter alia*, that defendant did build a bridge on said Gracia avenue over its tracks, and that, in making a proper and accessory approach to said bridge on the southeast side of its railway, it had to and did raise

the grade of said street in the central part thereof, and that said embankment and obstruction was that of which plaintiff complains.

The answer further alleges that its said bridge and approaches were built and maintained with the acquiescence etc., of the city of Marceline. There was a trial and judgment for plaintiff, from which defendant appealed. The evidence and instructions, we will presently refer to.

I. The first ground upon which defendant demands a reversal of the judgment is that the trial court erred in instructing the jury that "the fact, if such be the fact, that the bridge across Gracia avenue, and the approaches thereto were built with the knowledge and consent of the city authorities, is no defense." The right of an owner of a lot in a town or a city to the use of the adjoining street is a property right, and a right of which he cannot be deprived without just compensation. This right is as much property as the lot itself. *Reed v. City of St. Louis*, 93 Mo. 408; *Lackland v. Railroad*, 31 Mo. 181; *Bridge Co. v. Sherbacher*, 53 Mo. 586; *Ferrenbach v. Turner*, 86 Mo. 416. And such towns or city, under section 21, article 2, constitution, 1875, would be liable to an adjoining lot-owner for damages resulting from the change by it of the grade of a street. *Julia Building Ass'n v. Tel. Co.*, 88 Mo. 258; *Werth v. City of Springfield*, 78 Mo. 107; *Householder v. City of Kansas*, 83 Mo. 488. And, if such a liability attaches to a town or a city, it logically follows that a railroad company, which had the right conferred on it to alter the grade in a street for the purpose of constructing approaches to a bridge across its tracks, would also be liable to an abutting lot-owner for damages to his lot by reason of such alteration. The privilege granted in such case would be inseparably coupled with a liability. *Sheehy v. Railroad*, 94 Mo. 574. It is thus made apparent that the consent of the city that the defendant obstruct its street in front of the plaintiff's

lot with the embankment which constituted an approach to its bridge could not be interposed by the defendant as a defense in this case. The city could not confer an exemption from liability, which it did not enjoy itself. The instruction just referred to was not improper.

II. The defendant further complains that the court erred in giving a further instruction for plaintiff, which in effect declared that if the defendant built an embankment of dirt and clay in the street along and in front of plaintiff's property, thereby making the street higher than plaintiff's lot, and that defendant by so doing impaired the usefulness of said street and the plaintiff's property had been lessened in value thereby, then the jury should find for the plaintiff. The evidence tends to show that the street in front of plaintiff's lot was eighty feet wide, and that the said embankment therein was from four and a half to five feet high, forty-eight feet wide at the bottom and forty feet at the top ; that the embankment came within sixteen feet of the plaintiff's lot ; that if plaintiff put down a sidewalk it would keep wagons from coming to his property ; that dirt and water would wash down from the slope of the embankment into the door of plaintiff's house ; that the difference between the value of plaintiff's property with, and that without it, as stated was very considerable ; that it had been damaged $500 by reason of the embankment. The evidence was ample to justify the giving of the instruction.

This case is not at all analogous to any of the following cases cited and relied upon by the defendant : *Fairchild v. St. Louis*, 97 Mo. 85 ; *Reed v. St. Louis*, 93 Mo. 408; *Cannon v. St. Louis*, 97 Mo. 92. In none of these cases was the street obstruction, complained of, in front of the complainant's property. There was no appropriation of the street in front of the lots of any of these parties, no deprivation of the use of the street adjoining their property, no interference with the right of access to their property. The right of an abutting owner to access to

and from the street is a private right in the sense that it is something different from the right which the members of the public have to use the street for public purposes. In none of these cases were the parties complaining abutting owners, having a private right to the street obstructed, and hence the doctrine they announce has no application to a case of this kind.

III.   The defendant further complains of the action of the court in giving an instruction which informed the jury that if they found "that the approaches to said bridge extended out in front of and beyond the plaintiff's property, and that the plaintiff's property is damaged thereby, they will find for the plaintiff."

The embankment was about as permanent as anything that human hands could make, and would continue without change from any cause but human labor. The damages for such an injury are original and may at once be estimated, and compensated. Sedgwick on Dam. 94; *Powers v. Railroad*, 45 Iowa, 652; *Blodgett v. Railroad*, 53 Iowa, 470; *Town of Troy v. Railroad*, 3 Foster (N. H.) 383. It would undoubtedly have been better if this instruction had specially mentioned in its hypothesis each element of fact for the guidance of the jury. But in view of the further instruction given by the court for the plaintiff, which told the jury, if they found for plaintiff, to assess his damages at such sum as would compensate him for the diminution in the value of the property, if any, caused by the obstruction in front of his property, etc., and by the evidence, we are not inclined to think that the jury were misled or the defendant prejudiced by the giving of the instruction.

The uncontradicted evidence shows that the obstruction was of a permanent character and the injury resulting therefrom was to the inheritance. The measure of damages declared by the plaintiff's instruction was the difference between the market value of the property immediately before the injury occurred and its value

after the injury was complete. *Taylor v. Railroad*, 38 Mo. App. 666; *Babb v. The Curators, etc.*, 40 Mo. App. 173; *Sheehy v. Railroad*, 94 Mo 574.

Whatever may have been decided elsewhere, it will not do for us to hold in this case, as a matter of law, that the space of sixteen feet between the embankment and plaintiff's property was sufficient to enable plaintiff to exercise the right of ingress to, and egress from, his property without unreasonable impairment. And why? The lot in which plaintiff's hotel is situated adjoins the railroad right of way on the west side ; presumably vehicles of various kinds for the receipt and discharge of its guests and their luggage must have frequent and convenient access to plaintiff's hotel, and so must wagons bringing supplies of various kinds there. Those arriving from the west must stop on the embankment, or, to get closer, they must pass by plaintiff's property, and then turn east into the narrow passage way left. They cannot turn around in front of plaintiff's property, but are compelled to pass by it and upon the railroad right of way, where it is both unlawful and dangerous for them to go, before they can turn around. If plaintiff constructs a reasonably wide sidewalk in front of his property, there is no wagon way left, or none where wagons can pass each other. Under such circumstances, it would be absurd to hold as a matter of law that the plaintiff's street right in front of his property has suffered no impairment. It seems to us that the judgment is for the right party, and ought to be affirmed, which is accordingly ordered. All concur.