JOHN P. STEPHENSON, Respondent, v. THE MISSOURI PACIFIC RAILWAY COMPANY, Appellant.

Kansas City Court of Appeals, February 1, 1897.

1. **Streets**: LOT OWNER: RAILROADS: EASEMENT.  A lot owner's right to the use of a street is a property right, but a railroad licensed thereto can use the street for its track if it does not thereby unreasonably deprive the owner of his property right in the street; and a lot owner can not recover for such use of the street, unless his damages are peculiar and different in kind from the rest of the community.

2. ———: RAILROADS: PERVERSION: ACTION.  Laying of a track on the established grade, and operating a steam railroad thereon, is not perversion of the original use of a highway, and the company is not liable for any inconvenience resulting from proper operation of such road; but using such track for switching purposes and storing of cars would be a perversion, for which, however, the lot owner could not recover.

3. ———: ———: LOT OWNER: ACTION.  An obstruction in a street which authorizes a lot owner to maintain an action, must be on the part of the street upon which his lot abuts; and where one public way to property is closed, there is no actual damage if another is left unobstructed.

*Appeal from the Cass Circuit Court.*—HON. W. W. WOOD, Judge.

REVERSED.

*Lon O. Hocker* and *R. T. Railey* for appellant.

(1)  Defendant was authorized by law to lay its tracks in Grand avenue.  Such use of the street is not a perversion from its original purpose.  R. S. 1889, sec. 2543, subdiv. 4; *Lockwood v. R'y*, 26 S. W. Rep. 701; *Manufacturing Co. v. R'y*, 113 Mo. 308; *Smith v.*

*R. R.*, 98 Mo. 24; *R'y v. R'y*, 97 Mo. 468; *Rude v. St. Louis*, 93 Mo. 414; *Cross v. R'y*, 77 Mo. 321; *Porter v. R. R.*, 33 Mo. 128; *Lackland v. R. R.*, 31 Mo. 183. (2) Defendant having the right under the law to use said street, and being authorized so to do by the proper authorities, is liable only for damages to adjoining property where it destroys the use of the street as such, or the use is such as to deprive the owner of access to his property, of light, or of air. *Manufacturing Co. v. R'y*, 113 Mo. 308; *Lamm v. R'y*, 47 N. W. Rep. (Minn.) 458. (3) Where the evidence shows no deprivation of the last two elements, and, in regard to the first, that between plaintiff's lot and the nearest rail of the track there were thirty-seven and one half feet of level, macadamized, unobstructed street, and that said lot had a frontage of ninety-three feet on Independence street, a demurrer to the evidence should be sustained. *Manufacturing Co. v. R'y*, 113 Mo. 308; *R'y v. U. I. Co.*, 33 Pac. Rep. (Kan.) 378; *R'y v. Patterson*, 33 Pac. Rep. (Kan.) 606 ; *R'y v. Andrews*, 2 Kan. 590; *R'y v. Mohler*, 26 Pac. Rep. (Kan.) 22; *R'y v. Smith*, 25 Pac. Rep. (Kan.) 623; *R'y v. Cuykendall*, 21 Pac. Rep. (Kan.) 1051; *R. R. v. Garside*, 10 Kan. 552; *Fearing v. Erwin*, 55 N. Y. 486; *Ingram v. R. R.*, 38 Iowa, 669; *Barr v. Oskaloosa*, 45 Iowa, 275; *In re Concord*, 50 N. H. 530; *Lutterloh v. Mayor*, 15 Fla. 306. (4) The inconvenience to himself in regard to the storage of cars, testified to by plaintiff, being an inconvenience common to all who might use the street, if to any one at all, is not the subject of action at this suit. *Manufacturing Co. v. R'y*, 113 Mo. 308; *R'y v. R'y*, 97 Mo. 469; *Van De Vere v. Kansas City*, 107 Mo. 89; *Fairchild v. St. Louis*, 97 Mo. 87; *Canman v. St. Louis*, 97 Mo. 93; *Rude v. St. Louis*, 93 Mo. 408; *R. R. v. Andrews*, 30 Kan. 597; *Heller v. R. R.*, 28 Kan. 25.

*Noah M. Givan* and *Burney & Burney* for respondent.

(1)   An owner of a lot abutting on a public street, in addition to the ownership of the lot itself, enjoys rights appurtenant thereto, among which are the free right of ingress and egress, and which form a part of his property in the estate.   A public use which interferes with these incorporeal rights, and depreciates the value of the property, is a damage to the property within the meaning of the constitutional provision. (Article 2, section 21).   *Lackland v. R. R.*, 31 Mo. 186; s. c., 34 Mo. 274; *Rude v. St. Louis*, 93 Mo. 413; *Story v. R. R.*, 90 N. Y. 145; *Adams v. R. R.*, 39 N. W. Rep. (Minn.) 629; *R. R. v. Heisel*, 38 Mich. 62; *McQuaid v. R. R.*, 22 Pac. Rep. (Ore.) 899; *R. R. v. Vance*, 115 Pa. St. 325; *Manufacturing Co. v. R. R.*, 113 Mo. 308; *R'y v. Conner*, 29 S. W. Rep. (Ky.) 344; *Knapp v. R. R.*, 28 S. W. Rep. (Mo.) 627; *Schopp v. St. Louis*, 117 Mo. 131.   (2)   While it is the rule in this state that, "with legislative sanction a railroad company may lay down and operate a railroad on a street for the purposes of ordinary travel and transportation, and, that for any necessary incidental injury to an abutting owner, he has no remedy," yet, it is also held that a. city may not authorize such use of a street as will destroy its use as a public thoroughfare, and that, "a street can not be used for side tracks, water tanks, or like structures."   *Tate v. R. R.*, 64 Mo. 149; *Dubach v. R. R.*, 89 Mo. 488; *Sugar Co. v. Elevator Co.*, 82 Mo. 124; *Schopp v. St. Louis*, 117 Mo. 132; *Lockwood v. R. R.*, 26 S. W. Rep. 698; *Knapp v. R. R.*, 28 S. W. Rep. 627.   (3)   The ordinances of the city of Harrisonville did not and could not authorize the construction, on Grand avenue, of "side tracks, switches,

depot stations, and approaches thereon which may be deemed necessary," by the defendant, without compensating the owners of adjacent lots for all damages occasioned by the construction and operation thereof. Authorities, *supra*. (4) The ordinances purport to grant "such right, title, and interest" in said street as the city had therein, and no more; and were, therefore, invalid as to plaintiff, because the city had no right to give or grant away a street to a railroad corporation so as to affect the rights of adjoining proprietors. (5) The measure of damages was correctly declared by the court in instruction numbered 4 given by the court. *Tate v. R. R.*, 64 Mo. 149; *Welsh v. R. R.*, 19 Mo. App. 127; *Combs v. Smith*, 78 Mo. 32; *McReynolds v. R. R.*, 110 Mo. 488.

SMITH, P. J.—This is an action to recover damages for an alleged nuisance. The petition alleges that the plaintiff was "the owner in fee of lot PLEADINGS. 10, in block 3, in Dutro's addition to the city of Harrisonville; that said lot is located and fronts on Grand avenue, a public street in the city of Harrisonville, and the plaintiff owns the said lands to the middle of said street adjacent thereto. That said defendant, without the plaintiff's knowledge or consent, has located and is now locating along said street and *over said property* a double track railway, and operating and running over the same its trains and engines, and using the same for switch purposes and to store away and side track its freight cars, and has dug and is digging in said street and on said premises, obstructions, and rendering said street impassable, and the said lot entirely worthless. That by reason of the building of said railway at the *place aforesaid*, constructed in the manner aforesaid, the plaintiff has sustained and will sustain special damages which are peculiar to his prop-

erty in this, that the same is and will be rendered unfit for use by reason of the public street adjacent thereto being occupied and the outlet constituting the way of ingress and egress is and will be entirely closed and cut off as above stated."

The answer was a general denial coupled with certain matters pleaded as a special defense. An ordinance of the city of Harrisonville was pleaded which authorized defendant to lay its track on Grand avenue, and operate its cars over the same, and to build and operate side tracks thereon, depot stations, and approaches thereto, etc. Also a certain other ordinance establishing the grade of Grand avenue. It was further pleaded that it constructed its said tracks along Grand avenue in conformity to the grade established by the said last referred to ordinance; and that it so graded and graveled said street that it was left in a first-class condition, and on a level with the plaintiff's lot. The reply was a general denial. There was a trial and judgment for plaintiff and from the latter, defendant has appealed.

At the conclusion of all the evidence the defendant interposed a demurrer thereto which was by the court disallowed. The question thus raised is made the principal basis of the appeal.

It was conceded at the trial that there was at Harrisonville a section of about three quarters of a mile in the line of defendant's road, running from Pleasant Hill to Joplin, that was the property of the Missouri, Kansas & Texas Railway Company, and that the said double track authorized by said ordinance to be built, and that was subsequently built on Grand avenue in said city, was for the purpose of enabling defendant to complete a line of its own between the terminal points just stated. It appears from the evidence that the plaintiff's lot is ninety-three feet in

FACTS.

length and twenty-two feet in width and that there is situate in said lot a business house which fronts to the north and is occupied by the plaintiff as a grocery store and restaurant. Plaintiff's lot abuts on the south against Grand avenue, which is eighty feet wide, and on the west against Independence street which is sixty feet wide, or, in other words, it is situate on the north-east corner of Grand avenue and Independence street. It abuts on the north against the right of way of the Missouri, Kansas & Texas Railway. The depot of the latter road is located on the north side of its tracks just opposite to plaintiff's lot. From plaintiff's lot to the north rail of the defendant's north track on Grand avenue it is thirty-seven and a half feet. The surface of the intervening street is graveled and slopes evenly from the plaintiff's lot to the defendant's said track.

About one hundred feet west of where Grand avenue is intersected by Independence street the defendant's tracks begin to curve to the north and pass out of said street at the east side of the block, a distance of about two hundred feet east of said street intersections. When defendant's cars occupy said curve line on part of said track, they form an obstruction to travel along the north side of said street at that point. The crossing of the track on said curve is about one hundred and fifty feet from the east line of the plaintiff's lot. The plaintiff testified that the defendant frequently used that part of its tracks situate on Grand avenue between Independence street and the point where the said tracks pass out of the first named street for the purpose of storing its empty cars. He further testified that when defendant's tracks were used for storage and switch purposes that teams driving along the north side of Grand avenue and in front of his lot, could not get out by driving eastward and were compelled to back out to the west on Independence street. He

further testified that persons who were disposed to trade with him were prevented from coming to his store by the defendant's cars standing on the crossing east of his lot. It is neither alleged nor proved that the defendant's tracks were laid in a negligent manner, or that the location thereof in said street, aside from the use to which they were put, injuriously affected this lot. He admitted the location of the tracks did not affect his access to his lot.

The right of the owner of a lot in a town or city to the use of the adjoining street is a property right—a right that is as much property as the lot itself. *Lackland v. R. R.*, 31 Mo. 181; *Bridge Co. v. Schanbacher*, 57 Mo. 580; *Ferrenbach v. Turner*, 86 Mo. 416; *Manufacturing Co. v. R. R.*, 113 Mo. 803. And the right of a railway company to lay down and use its track upon a street when that right has been conferred by a town or city is well recognized in this state. *Lackland v. Railway, supra; Levenson v. Lexington*, 69 Mo. 157; *Cross v. R. R.*, 77 Mo. 318. But the track upon a street must be laid upon the grade of the street and the railway so used as not to unreasonably deprive the owner of the property of the use of the street. *Rude v. St. Louis*, 93 Mo. 408.

STREETS: lot owner: railroad: easement.

The distinction between the nature of the rights of the public in a street and the rights of an individual proprietor to access to his lot from the street, is one which has been asserted by very high authority. The right of an abutting owner to access to and from the street is a private right in the sense that it is something different from the right which the members of the public have to use the street for public purposes. So "the law," to quote, "is well settled that the abutting lot owner must show to entitle him to recover damages for an obstruction in a highway, that the damages are peculiar to him,

different in kind, and not merely in degree, from those suffered by other members of the community." *Rude v. St. Louis, supra.*

In the present case the plaintiff's lot was not rendered inaccessible or inconvenient by reason of the location of the defendant's tracks in front of it. There was an open, well graded, macadamized strip between the plaintiff's lot and the defendant's north track which was thirty-seven and a half feet wide. This was of equal or greater width than many of the business and residence streets in two or more of the principal cities in this state. There is no pretense that the defendant's tracks in front of the plaintiff's lot, even when occupied by its cars, interfered with the unrestricted access thereto. There was ample room in front of plaintiff's lot for those driving vehicles to turn round without inconvenience. These tracks did not destroy the use of the street in front of plaintiff's lot, nor was the use such as to deprive the plaintiff of access thereto. What right or easement connected with the lot has been directly and specially affected by the location and use of defendant's tracks or the street in front thereof? Unless the plaintiff has been disturbed in the enjoyment of some right which he was entitled to make use of, in connection with the property, he should not recover. *Van De Vere v. Kansas City,* 107 Mo. 83.

The laying of a track on an established grade and operating a steam railroad thereon in the transaction of commercial business along a street is not the perversion of the highway from its origi-

—: —: perver-
sion: action.

nal use. *Manufacturing Co. v. R. R., supra; Julia Building Association v. Bell Tel. Co.,* 88 Mo. 273; *Smith v. R. R.,* 98 Mo. 24; *R'y v. R. R.,* 97 Mo. 469; *Cross v. R. R.,* 77 Mo. 321. In the last cited case it was said: "Conceding the right to lay the track in the street, the company

was not liable for any inconvenience to property holders resulting from proper and prudent operation of the road."

No doubt if the defendant used its tracks and the said street for switching purposes, or for the storage of its cars, that this was a gross perversion of the highway—such an improper and imprudent use of it as to constitute a nuisance. *Schopp v. St. Louis,* 117 Mo. 131. But since the plaintiff had perfect access to his lot, the inconvenience to which he was subjected by the improper use which defendant made of its tracks was precisely the same in kind as that of all other persons who had occasion to use the street. His might have been greater in degree, but not different in kind. The nuisance was a public one and the physical facts show that the injury to the plaintiff's lot, if any, was occasioned by a public, rather than a private, wrong.

But the plaintiff objects that the defendant permitted its cars to stand over the crossing on the curve in its tracks east of the plaintiff's lot, and that this constituted an obstruction in the street which prevented the through travel along the north side of the street. Now if this obstruction had been of a permanent character, if it had been an embankment or a cut at right angles below the grade of the street, it would only have been when the plaintiff went east that he would have come in contact with it. His inconvenience and that of persons going to and from his grocery store would have been exactly the same as that of other persons desiring to use the street. Persons having occasion to pass east from the plaintiff's lot over Grand avenue, could have done so without encountering any obstruction by passing from Independence street along the south side of the railway tracks; and persons desiring to go west over said street could, in like manner, have passed along on that side.

In *Canman v. St. Louis*, 97 Mo. 92, the plaintiff's lot was situate on the street one hundred and twenty feet from the obstruction. In *Fairchild v. Railroad*, 97 Mo. 85, the lot was situated on the street three hundred and fifty feet from the obstruction. In *Rude v. St. Louis*, 93 Mo. 408, the lot was situate on the street five hundred feet from the obstruction. The lot of plaintiff, in this case, is situate about the same distance from the obstruction as that in the *Canman* case. In the three last above cited cases it was held that the injury of which complaint was made was a public injury for which damages could not be recovered by an individual, although such inconvenience to the public and to him depreciated the value of his property. And the mere fact that the obstruction in the present case may not be a permanent nuisance, but subject to be abated by the order of a competent court, yet this does not render the principle of those cases inapplicable. The only difference between these cases and this would be (if damages were allowed) in the measure of the recovery. This is fully illustrated by the decided cases, as will be seen by reference to the numerous citations in *Ivie v. McMunigal*, 66 Mo. App. 437; *Martin v. Railroad*, 47 Mo. App. 452; *Wallace v. Railroad*, 47 Mo. App. 491.

Again, the general rule is that before a lot owner is entitled to recover damages he must show that the obstruction of which he complains is in

*—: —: lot owner: action.* that part of the street upon which his lot abuts. *Rude v. St. Louis, supra; Wallace v. R. R., supra*. There must be such a practical obstruction of the street in front of the lot that he is denied ingress to and egress from it. *R'y v. Cuykendall*, 42 Kan. 234. As has been previously stated the plaintiff's lot is situate on the northeast corner of Grand avenue and Independence streets,

fronting ninety-three feet in the latter street and twenty-two on Missouri, Kansas & Texas Railway right of way. If the ingress to and the egress from plaintiff's lot had been interfered with by reason of the use which defendant made of its tracks in front of his lot, still such ingress and egress was not interfered with in any way on Independence street, nor in the north front thereof. The law in such case is that although one public way to property is closed, if there be another left, the property owner sustains no actual damage. *R'y v. Cuykendall, supra; R'y v. Gamsich,* 10 Kan. 552; *Fearing v. Erwin,* 55 N. Y. 486; *Carth v. Berkshire,* 11 Gray, 26; *Ingram v. R. R.,* 38 Iowa, 669; *In re Counsel,* 50 N. H. 530; *Letterloh v. Mayor,* 15 Fla. 306. It, therefore, seems clear to us that the evidence taken in its entirety is insufficient to authorize the submission of the case to the jury, and that the court erred in disallowing the defendant's demurrer.

In this view of the case it becomes unnecessary to notice the defendant's other assignments of error. The judgment will, accordingly, be reversed. All concur.