DeREAMER v. THE PACIFIC EXPRESS COMPANY *et al.*, *Appellants.*

1. **Practice in Supreme Court: EVIDENCE.** Questions arising on the admission and exclusion of evidence will not be reviewed in the Supreme Court, in the absence of proper objections and exceptions made on the trial.

2. **Express Messenger: DEGREE OF CARE.** An express messenger is bound to use the utmost care and diligence in protecting goods entrusted to him, but is not an insurer of their safety.

*Appeal from Moberly Court of Common Pleas.*—HON. G. H. BURCKHARTT, Judge.

AFFIRMED.

*Hollis & Wiley* for appellants.

*J. S. Hall* for respondent.

EWING, C.—This was two suits, one against each of the defendants, the Pacific Express Company, and the Wabash, St. Louis & Pacific Railway Company, which were consolidated by order of the justice and tried as one case. The accounts were for one month's services as messenger, twenty-five dollars ; one month's services as baggageman, twenty-five dollars. The defendant filed an off-set of one hundred and one dollars for express packages put in plaintiff's hands and never accounted for. There was judgment before the justice for plaintiff; an appeal to the Moberly court of common pleas and, on a trial *de novo*, judgment was again had for the plaintiff, from which the defendants appeal to this court. The evidence on the trial in the common pleas court tended to prove plaintiff's case, and there was evidence on the part of defendant, which made the question of fact one of

doubt; but the court sitting as a jury found for the plaintiff.

I.    The appellants in the motion for a new trial complained that evidence was admitted against them, and other evidence offered by them and rejected; but the bill of exceptions does not show that they objected and saved their exceptions to any of the evidence heard ; and, indeed, the bill of exceptions does not show that any evidence offered by appellants was objected to or excluded.    It has been repeatedly held by this court, where objection is not made, and exceptions saved on the trial, the appellant cannot raise an objection in this court.    *Harrison v. Bartlett*, 51 Mo. 170 ; *Margrave v. Ausmuss*, 51 Mo. 561 ; *Primm v. Raboteau*, 56 Mo. 407.

II.    The only other point made in the motion for a new trial is as to the refusal of the fourth instruction asked by the defendant.

This instruction was as follows :

"If the court, sitting as a jury, finds from the evidence that plaintiff was employed by defendant to take charge of its money packages, and other valuable articles, along the line of the Wabash, St. Louis and Pacific Railway Company between Moberly, Missouri, and Ottumwa, Iowa, and deliver the same to proper agents of the express company, and at the time of entering into said employment it was understood and agreed by and between plaintiff and defendant that plaintiff was to be responsible for the value of all articles delivered to him by defendant, until he turned the same over to the proper agents of the express company, and if the court further finds from the evidence that plaintiff received at Moberly, Missouri, a package containing one hundred dollars in money, of the value of one hundred dollars, consigned to Koch, Kirksville, Missouri, and which plaintiff was bound by the terms of his employment to deliver to defendant's agent at Kirksville, Missouri, and the court further finds from the evidence that plaintiff failed to deliver said package to said agent at

Kirksville, Missouri, but lost the same, the verdict must be for the defendant."

The defendants asked three other instructions which were given: one to the effect that if the package was lost by unavoidable accident the plaintiff was not liable; one to the effect that the plaintiff was bound to use the utmost care diligence in protecting the package; and that if the evidence showed any negligence on the part of the plaintiff, he was liable for its contents. We think these instructions placed the law in a proper light before the court, and that there was no error in refusing the fourth. The fourth instruction made the plaintiff liable for the loss, under all circumstances, no matter what, and was evidently too broad; the other instruction was as favorable to defendants as they could ask or the law permit.

The judgment is affirmed.　All concur.