CANMAN *et al.* v. THE CITY OF ST. LOUIS, *Appellant.*

1. **Obstruction to Street**: PROPERTY-OWNER : DAMAGES. A property-owner, in order to recover damages for an obstruction to a highway, must show that the damages suffered are peculiar to him, being such as are different in kind, and not merely in degree, from those sustained by other members of the community. (*Rude v. City of St. Louis*, 93 Mo. 408, *affirmed*).

2. —— : —— : ——. The plaintiffs in this case, who sued for damages to their lot, occasioned by an excavation in the street, one hundred and twenty-five feet south of it, which rendered the street impassable to teams, held not entitled to recover.

3. —— : —— : ——. The fact that some macadam was taken off in front of plaintiffs' property does not take the case out of the rule announced in *Rude v. City of St. Louis, supra;* it appearing that such taking was not the *gravamen* of the cause of action.

*Appeal from St. Louis City Circuit Court.*—HON. SHEPARD BARCLAY, Judge.

REVERSED.

*Leverett Bell* for appellant.

The plaintiffs in this case were not entitled to recover. The damages suffered by them from the obstruction of West Jefferson avenue were not peculiar to the plaintiffs, nor did they differ in kind from those sustained by other members of the community, and the obstruction complained of was located at a point one hundred and thirty feet south of plaintiffs' property. *Rude v. St. Louis*, 93 Mo. 408.

*Muench & Cline* for respondents.

In this case, the obstruction which took its inception at the railroad tracks was contemporaneously extended

by the city, until it reached and partially or wholly passed the front of plaintiffs' property. This fact clearly brings the case at bar within the rulings concerning recovery for private nuisances, and causes it to be governed by *Lackland v. Railroad*, 31 Mo. 181; *Bridge Co. v. Schaubacker*, 57 Mo. 582; *Railroad v. Angel*, 23 Cent. Law J. 158; *Lafayette v. Nagle*, 12 West. Rep. 637; *Rude v. City*, 93 Mo. 415.

BRACE, J.—In this case, the plaintiffs sue for damages to their property for the same obstruction on Jefferson avenue for which damages were claimed in the case of *Fairchild v. City of St. Louis, ante*, p. 85, in which the judgment of the circuit court in favor of the plaintiffs was reversed. The property of the plaintiffs in this case is situate on said street one hundred and twenty-five or thirty feet north of the obstruction. In that, the plaintiffs' property was situate on the same street, three hundred and fifty feet south of the obstruction. The cases are "on all fours" with each other, except that in this case there was some evidence that about the time the excavation was made in the street for the depression of the railroad tracks, the grade of the street at the crossing was temporarily adjusted to the lower grade of the tracks on each side thereof, before the street was finally closed for teams, and in making this grade, some macadam was taken off the street in front of a few feet of plaintiffs' property. The trial court properly excluded, by instruction, without exception, from the consideration of the jury, any damages by reason of such disturbance of the material in front of the plaintiffs' premises, doubtless for the reason, that it was not within the cause of action set out in the petition, the *gravamen* of which was that the defendant "did permit and cause a deep and dangerous excavation and cut to be made across and through said Jefferson avenue about —— hundred feet south of said premises

for the special use and benefit of said defendant's rail-ways, and did thereby and thereupon and by means of fences entirely destroy, obstruct, etc., said street."

This peculiarity, interjected improperly into this case, cannot take it out of the operation of the principle which condemned the judgment in the case of *Fairchild v. City of St. Louis, supra;* and in the case of *Rude v. City of St. Louis,* 93 Mo. 408, for the reasons set forth in which the judgment in this case is also reversed. All concur, except BARCLAY, J., not sitting.