CUMMINGS et al., Appellants, v. HUSE & LOOMIS ICE AND TRANSPORTATION COMPANY et al.

### Division One, March 30, 1900.

**Municipal Lease of Wharf for Private Purpose:** BY WHOM QUESTIONED. The plaintiff's property does not abut on a public wharf, but he derives title thereto from the same common grantors from whom the city derives title to the wharf, but otherwise plaintiff has no interest in the wharf which is peculiar and special to him. *Held,* that he can not attack the legality and invalidity of a lease of the wharf made by a city to manufacturers of ice, on the ground that such lease is the taking for private use of property dedicated to public use. Before he can do so he must show that his property itself, or some right or easement connected therewith, is directly affected and specially affected.

Appeal from St. Louis City Circuit Court.—*Hon. Leroy B. Valliant,* Judge.

AFFIRMED.

*M. McKeag* and *C. S. Cummings* for appellants.

The wharf which was relinquished to the city as trustee as and for a "public highway and for wharf purposes," is

being used in a way varied from the object for which it was designed. Consequently the court ought to cause the trust to be observed, the obstructions removed from the leased premises, and the lease annulled. 2 Dillon on Mun. Corps., (4 Ed.), sec. 653; Cummings v. St. Louis, 90 Mo. 259; Reid v. Board of Education of Edina, 73 Mo. 295; Curran v. Louisville, 83 Ky. 628; Rutherford v. Taylor, 38 Mo. 315; Hannibal v. Draper, 15 Mo. 634; William v. Nat. Bridge Plank Road Co., 21 Mo. 582.

*B. Schnurmacher* and *Chas. Claflin Allen* for respondent, St. Louis.

(1) Plaintiff Cummings can not maintain this action because it appears affirmatively that his property is blocks removed from that portion of the wharf described in the petition and covered by the lease. Plaintiffs, therefore, are in no greater manner interested than other citizens of St. Louis. To enable them to maintain this action it must appear that the injury complained of is special and peculiar to them, and different in kind, and not merely in degree, from the injury sustained by other members of the community. Glasgow v. St. Louis, 107 Mo. 202; Fairchild v. St. Louis, 97 Mo. 85; Rude v. St. Louis, 93 Mo. 408; Bailey v. Culver, 84 Mo. 531. (2) If plaintiffs have any right of action whatever it is for damages, to recover which a complete and adequate remedy at law exists, and, therefore, injunction and other equitable relief will not be afforded. Christian v. St. Louis, 127 Mo. 109; Heinrich v. St. Louis, 125 Mo. 424.

BRACE, P. J.—This is an appeal from a judgment of the St. Louis City Circuit Court, sustaining a demurrer to the plaintiff's petition. It appears from the petition that the defendant, the city of St. Louis, by ordinance leased to the defendant, the Huse & Loomis Ice and Transportation Com-

pany, that portion of the unimproved wharf of the city in front of city block 223, bounded on the west by the west wharf line, on the east by the east wharf line, on the south by the north line of Smith street produced eastwardly across the wharf, and on the north by a line parallel to and 120 feet north of the north line of Smith street, for a term of five years, beginning on the first day of January, 1897, for the purpose of erecting and maintaining thereon buildings for manufacturing, storing, and handling ice, conditioned that "at the expiration of the term of the lease . . . . or whenever the board of public improvements may decide to improve any or all of said portion of the wharf, then the said Huse & Loomis Ice and Transportation Company shall within ninety days, on written notice of the harbor and wharf commissioner, remove at his own cost and expense all buildings and erections placed by it on said portion of the wharf and leave it free from obstructions." That the plaintiff, John K. Cummings, is the owner of real estate on the tract known as Chambers, Christy and Wrights addition to the city of St. Louis, bounded on the south by Clinton street and on the east by Eleventh street, the title to which he acquired by mesne conveyances from Chambers, Christy and Wright, from whom also the city acquired title to the leased property for the purpose of a public wharf. That the plaintiffs, Francis H. Krenning and Benjamin H. Krenning are partners and owners of bonds of the face value of $18,000, the payment of which is secured by a deed of trust or mortgage on "a certain lot of ground with improvements thereon in city block number 223 of said city of St. Louis containing a front of 369.84 feet on the east side of Lewis street, by a depth eastwardly along the south line of Florida street of 51.95 feet, and on the southern line of said lot of 74.67 feet to the west line of the wharf, bounded on the north by Florida street, on the east by the west line of the wharf, and on the south by a line parallel to and distant one hundred and

fifty-six feet north of the north line of Smith street, and on
the west by Lewis street." That the said company is now in
possession of said part of said wharf under said lease, and
has it in such condition that it is impossible for a wagon or
other vehicles to pass over said part of said wharf so leased to
or from Smith street from the premises in which the plain-
tiffs the Krennings are interested as aforesaid, and that the
lessee is threatening and is about to build and erect further
obstructions on said wharf. Wherefore plaintiffs pray that
said lease be annulled and that said lessee be restrained from
building on or in any manner obstructing said portion of
said wharf, and that the city authorities be required to re-
move all obstructions placed thereon under and by virtue of
said lease, and for general relief.

By article 3, section 26, par. 4, of the city charter it is
provided that the mayor and assembly shall have power by
ordinance "to set aside or lease portions of the unpaved
wharf for special purposes, such as the erection of sheds, ele-
vators and warehouses, and for railroad tracks, for quay
places, for the landing of lumber for mills, for cotton presses,
for manufactories, and for any purpose tending to facilitate
the trade of the city; but no permit to use any portion of
the wharf, or any lease of the same shall be granted for a
term exceeding fifty years."

(1) It is contended for the appellants that although the
lease in question may be within the terms of the power
granted by this provision of the charter, it is nevertheless
invalid and unauthorized for the reason, that thereby, prop-
erty dedicated to public use for the purpose of a wharf, is
taken for private use, and the charter provision authorizing
it, is beyond the scope of legislative power. This doubtless
would be an interesting question, if the plaintiffs were in a
position to raise it. But unfortunately for them, on the
very threshold of the case, they meet with an insuperable
obstruction to their doing so, in the fact that it does not

appear from the petition, that the plaintiffs have any interest in the wharf, which is peculiar and special to them. That an owner whose property abuts upon a public wharf, like one whose property abuts upon a public street, may have such an easement therein, and right of ingress thereto and egress therefrom, as is different in kind from that of the general public, and for the protection of which the power of the courts may be invoked, may be conceded; but that he has no right of action unless he has such special and peculiar interest is well-settled law. "He must show that the property itself, or some right or easement connected therewith, is directly affected, and that it is specially affected." [Gates v. Kansas City Bridge and Term. Ry. Co., 111 Mo. 28; Van De Vere v. Kansas City, 107 Mo. 83; Glasgow v. St. Louis, 107 Mo. 198; Fairchild v. St. Louis, 97 Mo. 85; Canman v. St. Louis, 97 Mo. 92; Rude v. St. Louis, 93 Mo. 408; Bailey v. Culver, 84 Mo. 531.]

Applying this principle to the case in hand, the petition does not show that the property of the plaintiff *Cummings* abuts upon the wharf, but on the contrary, it does show affirmatively that his property is some distance remote therefrom, and will not be affected by the obstructions complained of, differently from that of other citizens. The fact that he deraigns the title to his property from the same common grantors from whom the city derived its title to the wharf, under the circumstances stated in the petition, confers upon him no other or different interest in the easement from that of other citizens.

It does not appear from the petition that the other plaintiffs, the *Krennings*, are the owners of the property therein described which does to some extent abut upon the wharf, but on the contrary that they merely have obligations which may upon some contingency unshown be charged upon the property. As they do not appear to be the owners in law or equity of that property, nor entitled to the possession

thereof, they are of course in no position to complain of an injury to the enjoyment of an easement thereto. The circuit court committed no error in sustaining the demurrer and its judgment is affirmed.

All concur, except *Marshall, J.*, not sitting.