Minshall, C. J.
The case involves the right of a property owner in a street or alley, a portion of which, other than the part on which he abuts, has been vacated by the city.
William A. Neil, deceased, having in his lifetime made an addition to the city of Columbus, recorded a plat, with lots, streets and alleys indicated thereon -as shown by an exhibit to the petition. Afterwards the city council vacated a part of one of the alleys, known as Cedar alley, the vacation including the part of the alley between lots 64, 65, 66 and 67 on the north side, and lots 73, 74, 75 and 76 on the south side, of the al-. *281 ley; the plaintiff at the time being the owner of lot 63 on which she had erected a building and otherwise improved the same, before the vacation. Afterwards his trustees made a subdivision of the lots on either side of the vacation, including in the same the vacated portion of the alley, as shown by Exhibit “B” to the answer, and dedicated an alley running north and south from Warren street to Lincoln street, on which alley the lot of the plaintiff abuts on its east side its entire length from Warren street to Cedar alley. The part of the alley south of the plaintiff’s lots is not vacated, is intersected by the new alley, and the unvacated portion extends from the new alley on the east to Hamlet street on the west. This dedication was accepted by the city and the subdivision recorded.
Afterwards the trustees sold and conveyed the lots in the new subdivision, including the vacated portion of the alley, to the manufacturing company, who was proceeding to construct its building upon it, when the suit was brought. It will be observed that the lot of the plaintiff does not abut upon any portion of the vacated alley; and that she has public access to her lot with its improvements, on the north, by a street (the front of her lot); on the east by the new alley, the entire length of the lot; and on the south by the unvacated portion of Cedar alley, the entire width of the lot. In other words she has public access to her lot on every side but one.
There seems to be no ground for questioning the validity of the proceedings whereby a portion of Cedar alley was vacated by the city council. The regularity of the proceedings is averred in the answer and admitted by the demurrer. Nor is there any for questioning the title of the manufacturing companv to the vacated portion of the alley. The trustees owned the property on each side of the vacated por *282 tioñ, and on vacation it reverted to them as the abutting owners, subject to such necessary rights of way as others may have therein. Stevens v. Shannon, 6 C. C. R., 142, affirmed by this court, Kerr v. Commissioners, 51 Ohio St., 593; and the manufacturing company by its purchase acquired all the rights of the trustees in and to the property. The question then we have to consider is, whether upon the facts admitted by the pleadings, the plaintiff, Mrs. Beatty, has such an interest in. the vacated portion of the alley, as a means of ingress and egress to her lot, as entitles her to an injunction against its being so closed, or, obstructed as to prevent its use by her as a means of access to her property. The decisions in this state have clearly established that an abutting lot owner has such an interest in the portion of the street on which he abuts, that the closing of it up, or the impairment of its use as a means of access, or the addition of a new burden, is a taking of private property for a public use, and cannot be done without compensation. McCombs v. Akron, 15 Ohio, 474; Crawford v. Delaware, 7 Ohio St., 459; Street Railway v. Cumminsville, 14 Ohio St., 523. The principle of these cases, and they have been frequently followed, applies with like justice and force where a portion of a street is obstructed or vacated, that affords the only reasonable access to the property of an owner, although his property does not abut immediately upon the obstructed portion. Abutting owners on a vacated portion of a street, would not have the right, by reason of the vacation, to isolate an owner of property on the unvacated portion. Such an owner would still have an easement, or right of way, over the vacated portion to a point where he could have reasonable access to other public ways. *283 McQuigg v. Cullins, 56 Ohio St., 649, 654. In this case the vacated portion was the only reasonable means of access which the plaintiff had to his farm; and this fact constituted the ground of the relief granted. But where the party complaining is not an abutter upon the obstructed or vacated portion of a street, or way, and has ample means of access to his property by other streets and public ways, a very different case is presented. In such case he is simply one of the general public, suffering an inconvenience common to all, though he may by reason of proximity, suffer a greater inconvenience than others, he is in no way distinguished from them except in degree. To give the individual a right in such cases to be heard, either in a suit for damages or by injunction, he must aver and show, that the injury he suffers is different in kind from that of the general public. This he may do by showing that his easement in the street, as a means of access to his property, is impaired or destroyed. His easement, however, is limited to the portion of the street on which he abuts, or a street which affords him the only means of access to his property. Where his property is not in physical contact with the vacated portion of the street, and he has other reasonable means of access, the individual has no right of action by which he can enjoin the obstruction, or recover damages. The authorities are numerous in support of this proposition. Jones on Easements, sections 546 and 550, Smith v. Boston, 7 Cush., 254; Littler v. City of Lincoln, 106 Ill., 353; Kimball v. Homan, 74 Mich., 699; Bailey v. Culver, 84 Mo., 531; Jackson v. Jackson, 16 Ohio St., 163; Elliott on Railroads, section 1086; Buhl v. Depot Company, 98 Mich., 596. The reason is thus stated by Chief Justice Shaw in Quincy Canal v. Newcome, 7 Met., 276: "Where one *284 suffers in common with all the public, although from his proximity to the obstructed way or otherwise from his more frequent occasion to use it, he may suffer in a greater degree than others, still, he cannot have an action, because it would cause such a multiplicity of suits as to be itself an intolerable evil.” The general principle is recognized in Jackson v. Jackson, supra, where it is said in the syllabus: “A claimant for damages in ,the alteration of a road is not entitled to recover where such alteration merely renders the road less convenient for travel, without directly impairing his access to the road from the improvements on his land.”
In all the cases in this state, where an owner of land is recognized as having such a property interest in a road' or street, as entitles him to an action for damages, or to restrain its obstruction, relate to the cases where, there was a direct physical connection between the portion of the street interfered with and the land of the complainant; or the part vacvated, furnished the only means of access to his property. In the latter case he is regarded as having an easement in the road or street, and its vacation or obstruction, affecting as it does his private rights, the injury to him is regarded as different in kind from that of the public. McQuigg v. Cullins, supra, is an instance of this kind. Where closing up a portion destroys the owner’s easement in the part not closed, and deprives him of any access to his land, the result to him is the same as if the entire way had been closed; and, in such case, he may properly be said to have an easement to his lands in the entire way, thoxigh his lands are connected with, or abut only upon a part of ir,. The other cases relate to the instances where, a city having established a grade, with reference to which the owner has improved his lot, subsequently changes *285 it, making the access to the owner’s lot, as improved, less convenient, Crawford v. Delaware, supra, or, where, as in Street Railway v. Cumminsville, it is proposed to add a new burden to the street making access to his property by the abutting owner less convenient. In these and all similar instances, the owner is regarded as having an interest in the street in the na ture of property, that by “the justice of the constitution” cannot be taken from him against his consent until compensation has been made. It is plain to be seen that the case of the plaintiff falls within the principle of none of these decisions. Her lot is not located upon the vacated portion; and access to it is hardly in any appreciable degree impaired, is, in fact, by the new alley, increased.
We see no good reason for holding, as seems to be contended, that the rule is different as to the streets and alleys of an addition to the plat of a city; that in such case there is an implied covenant that the streets and alleys, indicated on the plat, are to remain open for public use, and that each owner of a lot in the addition may insist on this covenant. In our view the streets and alleys of every addition to a city become a part of its general system of public ways, over which the city through its council and other agents has the same control that it has over each and every part of the system; and that the rights of lot owners in the addition to the use of the streets and alleys, indicated on the recorded plat, are the same, but not greater, than are the rights of any lot owner upon a street or alley.
We are cited to some cases which seem to hold, that the right of a lot owner, in case of vacation, to the use of the street upon which he abuts, extends to the next intersecting street. This would be so, consistently with what has heretofore been said, if without such *286 extension Ms property would be substantially isolated; otherwise we see no reason whatever for such a claim.
The provision in section 2654, Revised Statutes, that where a street or alley is vacated by a city council, “the right of way of any lot owner shall not be impaired thereby,” creates no new right — it simply preserves such right as the lot owner had in the street or alley by existing law. These have already been adverted to in this opinion. They are such rights as the owner, has in the portion of the street on which his property abuts, or may have in the street as the only reásonable access to his property. The provision was doubtless inserted to avoid the possible contention, that under the power conferred, such rights might be destroyed by its exercise. But such rights would have been preserved without this provision, as it would not have been in the power of the legislature to have authorized the city council to destroy vested rights.

The judgment of the circuit court is reversedand that of the common pleas affirmed.

Williams, Bubket, Speak, Davis and Shauck, JJ., concur.