THOMPSON AND SON, Appellant and Respondent, v. CITY OF MACON et al.; WALSH CONSTRUCTION CO., Respondent and Appellant.

Kansas City Court of Appeals, April 4, 1904.

1. MUNICIPAL CORPORATIONS: Special Damages. A street obstruction will not authorize a recovery by a property-owner whose damage is not of a different kind from that suffered by others along the street within the limits of the obstruction; to recover he must show special injury differing in kind from the rest and not merely that he suffered more than the rest.

2. ———: ———: Lowering Railroad Track: Right to Improve. A railroad has a right to lower its tracks through a city and the city the right to permit it and authorize the necessary interference with all crossings and take precautions against accidents.

3. ———: ———: Pleading: Negligence. A petition seeking to recover for damages arising from an obstruction of a street by reason of its caving from the lowering of the adjacent railroad tracks is examined and held to rely upon the supposed unlawfulness of the work and not at all on its being negligently performed.

4. ———: Damages: Change of Street Grade: Negligence. Where a street grade is lawfully changed and damage results a municipality is liable; parties doing such work can only be liable for the manner and means of doing it.

Appeal from Macon Circuit Court,—*Hon. Nat M. Shelton*, Judge.

AFFIRMED IN PART; REVERSED IN PART AND REMANDED.

*Charles P. Hess* for plaintiffs.

(1) The city of Macon is a city of the third class. Its powers and duties are defined by statute. R. S. 1899, secs. 5855, 5861, 5864, 5867; Dry Goods Co. v. Railway, 41 Mo. App. 63. (2) Conceding then the city passed an ordinance to change the grade of Weed street, it became liable for all 'damage thereby occasioned to the abutting landowners, regardless too of the question whether the work was done in a careful or in a negligent manner. McIntire v. Telephone Co., 75 Mo. App. 535; Walker v. Sedalia, 74 Mo. App. 70. The city is liable although there was no evidence that the grade of Weed street was established by an ordinance prior to the ordinance changing the grade. Davis v. Railway, 119 Mo. 180; Hickman v. Kansas City, 120 Mo. 120; Smith v. Railroad, 98 Mo. 20. (3) The city could not confer a greater authority upon the railroad company or the Walsh Construction Company than it itself possessed, hence they are both liable. Sheehy v. Cable Co. 94 Mo. 575; Cross v. Railway, 77 Mo. 318; Martin v. Railway, 47 Mo. App. 452; Hulett v. Railway 80 Mo. App. 87; Davis v. Railway, 119 Mo. 180. (4) The city as well as the railroad company is liable for nuisance. Torpey v. Independence, 24 Mo. App. 288; Russel v. Columbia, 74 Mo. 480; 126 Mo. 324; Berkson v. Railroad, 144 Mo. 217. (5) A city may by ordinance direct a street to be graded. If it proceeds with the work and damages property without first taking steps to ascertain and pay such damages, it is a trespasser, and those actively participating in the work by directing it are co-trespassers. Rives v. Columbia, 80 Mo. App. 173; Householder v. Kansas City, 83 Mo. 494; Dry Goods Co.

v. Railroad, 41 Mo. App. 65; Carson v. St. Joe, 91 Mo. App. 328. (6) Plaintiffs charge that the defendants created and maintained a nuisance. Under the pleadings all the defendants are liable. Carson v. Springfield, 53 Mo. App. 289; Smith v. Railway, 98 Mo. 20; Hulett v. Railway, 80 Mo. App. 89; Paddock v. Somes, 120 Mo. 226; Torpy v. Independence, supra; Foncannon v. Kirksville, 88 Mo. App. 282; Berkson v. Railroad, 144 Mo. 217; Reed v. Guitar & Watson, 163 Mo. 333. The defendant railroad company received no authority under the ordinance to lay a railroad track and operate a steam railroad on Weed street. A railroad in a street without municipal authority is a public nuisance. Sherlock v. Railway, 142 Mo. 172; St. Louis v. Kirkwood, 159 Mo. 239. The court erred in sustaining demurrer to plaintiffs' evidence against the railroad company; the contract in evidence clearly shows that the Walsh Construction Company was not an independent contractor. And if so the railroad company is nevertheless liable. Woodmon v. Railroad, 149 Mass. 338; 3 Elliott on Railroads, secs. 1063, 1064; Independence v. Slack, 134 Mo. 75; Grenshaw v. Ullman, 113 Mo. 638; Ullman v. Railroad, 67 Mo. 118. Rights of plaintiffs to sue: "Private property shall not be taken or damaged for public use without just compensation." Constitution, State of Missouri, art. 2, sec. 21. The meaning of the word property is defined by statute. "The word property shall include real and personal property." Eleventh subdivision of sec. 4160, R. S. 1899. "The term real property, or premises, or lands shall be deemed to be coextensive with lands, tenements and hereditaments." Ninth subdivision, R. S. 1899, sec. 4160. Plaintiff can sue for damages to leasehold interest. 1 Sedgwick on Damages (8 Ed.), 91, 93; Seely v. Alden, 100 Am. Dec. 642; Reed v. Price, 30 Mo. 442; Pause v. Atlanta, 58 Am. State 290; Brunswick v. Hardey, 52 L. R. A. 396; McKee v. Railway, 49 Mo. App. 175; Brown v. Bowen, 30 N. Y. 519; Reed v. Price, 30

Mo. 442; Dry Goods Co. v. Railway, 41 Mo. App. 77. All parties participating in a tortious act are liable in damages. Pollock on Torts, 231; Wood on Nuisances, sec. 821, 824, 825; Paxton v. State, 80 Am. State 689; Berkson v. Railroad, 144 Mo. 217. Plaintiffs in their petition aver that they have sustained special damages and the evidence supports them. "So the law is quite well settled that the property-owner must show, to entitle him to recover damages in an obstruction to a highway, that the damages are peculiar to him, different in kind and not merely in degree, from those suffered by other members of the community." Rude v. St. Louis, 93 Mo. 408; Bailey v. Culver, 84 Mo. 531; Venard v. Gross, 8 Kan. 254; Notes to Fritz v. Hobson, 19 Am. Law Register 624. What are special damages: 41 Mo. App. 63; Schoen v. Kansas City, 65 Mo. App. 138; Gains v. Vanstiddiford, 86 Mo. 149; Francis v. Schellkoph, 53 N. Y. 153; Rude v. St. Louis, supra; Quiler v. Springfield, 30 Mo. App. 676; Werth v. Springfield, 78 Mo. 110; Fritz v. Hobson, 19 Am. Law Register 615 (1880); Note to foregoing case, 19 Am. Law Register 624; Imlen v. Springfield, supra; Pimey v. Berry, 61 Mo. 365. When the obstruction complained of is immediately in front of plaintiffs' premises, so as to prevent access thereto, the tendency is to allow a private action where otherwise it might not be sustained.

*Guthrie & Franklin* with *Dysart & Mitchell* for defendants.

(1) The Burlington Railroad Company can not be held liable for injuries naturally resulting to an adjacent proprietor by reason of improvements made on its right-of-way. Moss v. Railway, 85 Mo. 86; Abbot v. Railway, 83 Mo. 271; Jones v. Railway, 84 Mo. 151. (2) There was authority of law, to-wit, the ordinance; there is no proof of intentional wrongdoing or of negligence. The work was speedily and scientifically done

so far; as the grading down is concerned, and in fact all of it. (3) The grading and other work was done by the Walsh Construction Company under contract. Where there is an independent contractor the other party is not liable. Blumb v. Kansas, 84 Mo. 112; Dillon v. Hunt, 82 Mo. 150; Fink v. Furnace Co., 82 Mo. 276; Independence v. Slack, 134 Mo. 66; Crenshaw v. Ullman, 113 Mo. 633; McKinley v. Railway, 40 Mo. App. 449; Weise v. Remme, 140 Mo. 289; The Noranmore, 113 Fed. 367; The Indrani, 41 C. C. A. 511; s. c., 101 Fed. 596. (4) An abutting owner has the right to use the street in his front for the purpose of making improvements on his property. Nagel v. Railway, 167 Mo. 89; Cummins v. Seymour, 79 Ind. 491; s. c., 41 Am. 618; Wood v. Mears, 12 Ind. 515; s. c., 74 Am. Dec. 222; Clark v. Fry, 8 Ohio St. 358; s. c., 72 Am. Dec. 590; Welsh v. Wilson, 101 N. Y. 254; s. c., 54 Am. 698; People v. Horton, 64 N. Y. 610. (5) Plaintiffs can maintain no action for the cutting down of the alleged south edge of Weed street since access to and from his property was not materially interfered with thereby, the street being thirty-eight feet wide and connecting with all other streets as formerly. Knapp v. St. Louis, 156 Mo. 343. A city has absolute control of its streets and may decide to which of the various public uses the different parts thereof may be put, and is only bound not to materially interfere with the abutting property-owners' egress and ingress. If his access is not materially interrupted he has no more interest than any other citizen. State ex rel. v. Murphy, 130 Mo. 10; Springfield v. Railroad, 69 Mo. App. 514; Railway v. Eberly, 110 Ind. 541; s. c., 59 Am. 225; East St. Louis v. O'Flynn, 119 Ill. 200; s. c., 59 Am. 795; Dantzer v. Railway, 141 Ind. 604; s. c., 50 Am. St. 343; Knapp v. Railroad, 126 Mo. 26; Lumber Co. v. Railroad, 129 Mo. 455; Brown v. Railroad, 137 Mo. 529; Knapp v. St. Louis, 153 Mo. 560; Knapp v. St. Louis, 156 Mo. 343. It is a question of access, and the fact that the obstruction makes the access

more difficult or more circuitous is immaterial if the access remains. (6) The city council had authority to appropriate a part of the street to any particular public use, such as approaches to the grounds of a public carrier like a railroad, and the abutting proprietor on the other side of the street can not complain as long as the access to and from his premises is not materially interfered with. Penn Co. v. Chicago, 181 Ill. 289; Knapp v. St. Louis, 153 Mo. 560; Kossman v. St. Louis, 153 Mo. 293. (7) The uncontradicted evidence shows the line between Weed street and the Burlington right-of-way was at the south curb of the macadam on the street. That this was thirty-two feet south of the building line. The ordinance requires that the street be left thirty-eight feet wide, and there is no complaint that it was not so left either in the pleading or the evidence. If this be true, the work was all done on the right-of-way of the Burlington company. The Burlington company had a right to dig down its right-of-way as deep as it pleased. Charless v. Rankin, 22 Mo. 566. An independent contractor doing the work for it becomes liable only when he is negligent. Larson v. Railway, 110 Mo. 234.

*Dysart & Mitchell* for appellant, The Walsh Construction Company.

(1) The court erred in sustaining plaintiff's motion to set aside the nonsuit and in granting a new trial as to the Walsh Construction Company. The court was right in sustaining the demurrer to plaintiff's evidence as to the other defendants, and for the same reason the demurrer should have been sustained as to the Walsh Construction Company. (2) The plaintiff's petition does not state facts sufficient to constitute a cause of action and defendants' objection to the receiving of any evidence in support thereof should have been sustained. R. S. 1899, sec. 593; Doan v. Hally, 25 Mo. 357; Stalcup v. Garner, 26 Mo. 72; Robinson v. Rice, 20 Mo. 229;

Mertens v. Lowenberg, 69 Mo. 208; Cole Co. v. Mining Co. 141 Mo. 149. (3) The court was right in taking the case from the jury at the close of the case, and in directing a verdict for the Walsh Construction Company, and it follows that the court erred in granting a new trial as to the Walsh Construction Company. The grounds for granting the new trial were as follows: First, because the court erred in taking the case from the jury. Second, because the court erred in refusing the instructions asked for by the plaintiffs. The instructions asked were properly refused, and it followed that a verdict should have been directed for the defendant. The instructions were based upon an erroneous theory. (4) The ordinance read in evidence by the plaintiffs granted to the railroad company no right to take or appropriate any part of Weed street. On the contrary the city required the railroad company to leave the street thirty-eight feet wide, at least two feet wider than it was at the passage of the ordinance, and at the time of the trial the street was firm and good, better than it had ever been before and thirty-eight feet wide, measuring from the retaining wall. Fairchild v. St. Louis, 97 Mo. 85; Canman v. St. Louis, 97 Mo. 92; Rude v. Mitchell, 93 Mo. 408; Stephenson v. Railway, 68 Mo. App. 642. (5) The railroad company owned the property south of and adjoining Weed street, and had the right to improve the same with or without an ordinance, the same as the abutting owners on the north side of Weed street. And in the performance of the work, the company had a right to reasonable use of the adjoining street. And what is a reasonable use is to be determined by the extent and character of the work and improvement. If the work was carefully and diligently performed, then defendant had no legal grounds for complaint because of incidental damages from noise and smoke, nor from inconvenience of approach to their hotel. Charless v. Rankin, 22 Mo. 566; Eads v. Gains, 58 Mo. App. 586; Larson v. Railway, 110 Mo. 234. (6) The plaintiffs can not recover on

the ground that the work was negligently done for the following reasons: First. Because the only proof of negligence afforded by the plaintiffs was delay in building the retaining wall, and in failing to sink piling and shore up to the twenty-foot dirt wall until the retaining wall was built. Second. Because neither of these acts of negligence was pleaded, and the evidence was incompetent and should have been excluded. Gibson v. Jenkins, 97 Mo. App. 27. Third. Because no negligence was proven. On the contrary the evidence shows that the Walsh Construction Company was thoroughly equipped and performed the work in a careful and scientific manner and with remarkable diligence and dispatch. Fourth. Because the evidence is conclusive that the whole trouble and annoyance to the plaintiff were occasioned by the caving, and that the caving was inevitable and could not have been prevented. Fifth. Because it appears and plaintiffs concede that after the caving commenced, the proper and necessary thing to do was to lay railroad tracks on Weed street to fill in between the street and retaining wall. Brewing Ass'n v. Talbot, 141 Mo. 674; Anderson v. Forrester-Nace Box Co., 77 S. W. 486. (7) The evidence fails to show that plaintiffs suffered damage, except in degree different from other property-owners on the north side of Weed street. Givens v. McIlroy, 79 Mo. App. 671; Kitchell v. Railway, 79 Mo. App. 340.

ELLISON, J.—This is an action for damages alleged to have resulted to plaintiffs' property by reason of certain acts charged to have been committed by defendants. The action is against the city of Macon; the individuals composing the street committee of such city; the Chicago, Burlington & Quincy Railroad Company; and the Walsh Construction Company, who are charged to have been joint wrongdoers.

It appears that plaintiffs were the lessees of a building in which they kept a hotel in the city of Macon;

that the defendant railway passed through said city from east to west along the south line of Weed street and that plaintiffs' property was situated across on the north side of that street. That the railway company desired to make some improvements of its property which made it necessary to lower its tracks about twenty feet the width of its right of way of 100 feet through said city for a space of several blocks (perhaps a quarter of a mile in extent) and that the tracks were lowered that depth opposite to plaintiffs' property. The city, by ordinance, authorized the railway company to lower the tracks as desired and in doing so it seems to have considered that the work would take thirteen feet off the south side of the street and the ordinance provided that the grade of the street should be changed that width to the depth of twenty feet; though in fact if such space of thirteen feet was a part of the street it was not in use as such and was of no benefit or service as a means of access to plaintiffs' property. The ordinance provided that the street should be left thirty-eight feet wide which was perhaps four feet wider than as theretofore used. No consent of property-owners was obtained, nor were damages ascertained before passing the ordinance as is contemplated by section 5855, Revised Statutes 1899.

The railway company let the entire contract for lowering the tracks and building a stone retaining wall to the defendant Walsh Construction Company, and it was the actual work of that company which caused the resulting damage of which complaint is made. Making the excavation to such depth caused the earth to cave or fall in for a considerable distance into the street more or less along the full length of the cut which, if left unfilled, would have made the street permanently impassable. To fill these places (one of the longest of which was in front of plaintiffs' building) the Walsh company laid a temporary track on the north side of the street, close up to the sidewalk, along which it had cars

filled with dirt pushed by engines. The cars were dumped into the places needing to be filled up to the street level. This track as the holes would be filled would be slided over south until the whole surface was leveled up against the retaining wall. The engines thus used in pushing and pulling the dirt cars back and forth made much annoying noise and discharged much offensive smoke and soot which found its way into plaintiff's hotel to the damage of his curtains, carpets and furniture, as well as tending to cause plaintiff's patrons to leave his house.

The trial court sustained a demurrer to plaintiffs' case at the close of the evidence in their behalf as to the defendants, the city, the railway company and the street committee, and allowed the case to proceed against the Walsh company. Finally, at the close of the whole case, the court also sustained a demurrer as to that company, but afterwards granted a new trial as to it. The Walsh company then perfected its present appeal from the order granting the new trial and plaintiff appealed from the judgment in favor of the city, the railway company and the street committee. Statements at length have been made by the respective parties but it is thought the foregoing is sufficient to an understanding of our view of the questions presented.

The evidence disclosed that whatever injury was caused by the general scope of the work, that is the work or improvement as a whole, which obstructed streets and caused inconvenience to plaintiff, was not a damage to plaintiff of any different kind from that suffered by others along the street within the limits of the work. It may be that he suffered more than some others, but that will not alter the rule that in order to entitle him to damages, he must have sustained injury special to him and differing in kind from others. Fairchild v. St. Louis, 97 Mo. 85; Canman v. St. Louis, 97 Mo. 92; Rude v. St. Louis, 93 Mo. 408; Ruckert v. Railway, 163 Mo. 260; Nagel v. Railway, 167 Mo. 89.

It must be borne in mind that the general work or improvement made by the railway in lowering its tracks the width of its right-of-way was an improvement it had a right to make and consequently the city had a right to permit. It was proper that the city should be advised of the work that it might at least authorize the necessary interference with cross streets and take proper precautions against accidents and unnecessary injury to persons and property. And so there was no permanent obstruction in the street, its condition since the work complained of, as compared with its condition and use prior to such work, is for the better.

The only question presented by the case about which there is any doubt relates to that part of the complaint charging damages to plaintiff's business and his furniture by reason of the track in the street and operating engines and cars filled with dirt over such track. There is no evidence which can in any fairness connect the city or the street committee with this part of plaintiff's case. There is no pretense that the city or street committee did these things, nor that the city authorized such work, nor contemplated the emergency which arose making it necessary to fill in the holes in the street north of the retaining wall. If it be said that the time occupied in doing this extended over a period of several days and that the city at least passively permitted it to be done, it may be answered that the petition is not based on that sort of case.

Nor do we see how either the railway or the Walsh company can be held answerable under any legal view which can be applied to the case made. As already stated, the work was such that the company had a right to do and the city a right to permit to be done. It happened that in doing the work of grading down to the depth of twenty feet, the perpendicular side of earth began to cave or fall off before the stone retaining wall could be built. This extended back into the street and

made it necessary that some means be devised to fill up the holes thus made. The plan adopted was effective and rapid. The work was well and speedily done. It *was not charged to have been negligently* done. There is a general statement in the petition, ''that the defendants on said sixth day of September, 1901, without authority of law, wrongfully and negligently by themselves, their officers, agents and servants, cut, narrowed and graded down a portion of said Weed street thirteen feet in width and twenty feet in depth from its established grade, which portion is now solely and permanently used by the defendant railway company, as a part of its railroad tracks, whereby said Weed street is narrowed, cut off and diminished in breadth thirteen feet.'' That charge of negligence was clearly not intended to characterize the work, but merely the act of reducing the width of the street. This is made evident by the pleader immediately proceeding, without the break of a sentence, to state, ''that in the *prosecution* of said work from the sixth of September, 1901, until the filing of this petition the defendants wrongfully and unlawfully appropriated, occupied, dug away and totally obstructed the whole of said Weed street from Rollins street to Towner street so as to make it impossible for any vehicles and animals to pass along said street.'' The hauling of dirt with locomotives is then alleged; but in no instance is it charged that the work was negligently done, or that the plan and devices adopted for filling up the places caved in were improper, unnecessary or inappropriate. It is manifest that the pleader relied upon the supposed unlawfulness of the work and not at all on its being negligently performed.

We are, of course, aware that it does not necessarily follow that because a certain work may be lawfully done no damage can be had for doing it. Streets are lawfully changed in grade and yet money must be paid for resulting damage. But a change in the grade of a street, when damage results, is a liability against the city. In

this instance, no damage resulted from a change of grade. The facts shown make it clear that the street was really a better and wider street after lowering of the railway company's right-of-way than before. There is nothing of substance upon which to base a claim that plaintiff was injured by a change of grade. If plaintiff suffered any legal injury it was on account of the manner and means of doing the work, and of that we have already written.

A number of authorities will be found cited in plaintiff's brief which they contend sustain their position, but in our opinion they are distinguishable in essential facts from the case presented.

It follows that the judgment in favor of the defendants, the city of Macon, the railway company, and the street committee, is affirmed. And that the order granting plaintiffs a new trial against the Walsh Construction Company is reversed and the cause is remanded with directions to also enter judgment for that defendant. The other judges concur.