WILLIAM BOTHE et al., Respondents, v. CHICAGO, BURLINGTON & QUINCY RAILROAD COMPANY, Appellant.

**St. Louis Court of Appeals.    Argued and Submitted February 5, 1914.    Opinion Filed March 3, 1914.**

1. **NUISANCES: Public Nuisance: Right of Action by Individual.** An individual cannot recover damages sustained by him as a result of the maintenance of a public nuisance, unless his injury is different in kind, and not merely in degree, from that sustained by others in the vicinity.

2. **TRIAL PRACTICE: Conflicting Evidence: Question for Jury.** Where the evidence is conflicting, the question is for the jury to determine.

Appeal from Lincoln Circuit Court.—*Hon. James D. Barnett,* Judge.

REVERSED AND REMANDED (*with directions*).

*R. H. Norton* for appellant.

We respectfully submit that the instruction was eminently correct, that the court committed no error in giving it, but did commit error when it granted a new trial on account of that instruction.   Realty & Investment Co. v. Deere & Co., 208 Mo. 66.

*Creech & Penn* for respondents.

In an action for a private nuisance, the person injured is not required to show any special damage to himself.   Cooley's Torts (2 Ed.), pp. 732 to 736; 29 Cyc. p. 1152; Smith v. Sedalia, 152 Mo. 301; R. & I. Co. v. John Deere & Co., 204 Mo. 83.

REYNOLDS, P. J.—This case comes to our court on transfer from the Supreme Court.   [See Bothe et

al. v. Chicago, B. & Q. R. R. Co., 248 Mo. 36, 154 S. W. 98.] The statement there made by Judge Bond, who wrote the opinion, is so concise and presents the issue which is in the case so clearly, that we can do no better than reproduce it here.

"Plaintiffs state that they own a store building in the town of Old Monroe; that in 1905 defendant built and erected across the street from plaintiffs' storehouse, and about sixty feet distant, a large coal bin or chute, which, by its operation and the uses made of it by defendant and on account of its close proximity to plaintiffs' property, has become, and is, a noisome and continuing nuisance, injurious to the use of plaintiffs' property, which was erected by plaintiffs at great expense to be used as a store building and long prior to the building of said bin or chute by defendant. The petition then alleges the particulars of the nuisance complained of and prays judgment for $800 as the damage thereby caused to plaintiffs' property.

"Defendant answered, denying all the allegations of plaintiffs' petition except its corporate existence and that it owned and operated a railroad in the county of Lincoln, State of Missouri, which passed through the town of Old Monroe; and for further defense alleged that it was engaged in the use of its property for the purposes of interstate commerce, which required the use of the coal bin or chute in question; and that it was entitled to that appliance under the Constitution of the United States; and pleaded the same as giving it a right, privilege and immunity 'against any attempt to assert the claim set forth in plaintiffs' petition.'

"Upon the issues thus joined evidence was adduced upon which the jury returned a verdict for defendant. Plaintiffs filed a motion for new trial on the ground, among others, of error in the instructions given by the court. This motion was sustained by the court for

181 App. 46

assumed error in giving, at defendant's request, instruction numbered 1, to-wit:

" 'If the jury believe from the evidence that whatever annoyance or injury of which plaintiffs make complaint in this case is not different in kind from that to which other persons (residing on or using real property in the vicinity of plaintiffs) are likewise subject from the same cause complained of herein, then your verdict should be rendered for the defendant; and such a verdict for defendant shall be rendered, even if you also find from the evidence that plaintiffs may be thereby injured or annoyed in a greater degree than said other persons in the vicinity of plaintiffs.' "

As will be seen by its opinion, the Supreme Court held that the only question involved on appeal is whether the above instruction, given by the trial court at the instance of defendant is a correct declaration of law. Holding that that question in no wise involves a construction of the Constitution of the United States, and that the amount involved was not within the jurisdiction of that court, the Supreme Court transferred the cause to our court.

In addition to the above instruction, given at the instance of defendant, the trial court, at the instance of plaintiffs, gave an instruction intended to cover their theory of the case. As no point is made on this it is not necessary to set it out.

Beyond instructions as to the number of jurors necessary to concur in a verdict and the form of the verdict, these are all the instructions given in the case. It may be added that the court refused other instructions asked by plaintiffs, and one in the nature of a demurrer to the evidence asked by defendant. The defendant offered no evidence.

While the petition upon which this case was tried assumed to count upon damages specially sustained by plaintiffs by reason of the location of this coal chute and the operation of trains of the defendant

road in the use of it, it is claimed by appellant that there was evidence in the case tending to prove that the property of others in the neighborhood is similarly affected by the presence and operation of this coal chute and the tracks. If that was so, plaintiffs could not recover. A careful reading of that evidence shows that there is substantial testimony sustaining the claim of defendant. While there was testimony, given for plaintiffs, which tended to show that they had sustained damage of a different kind from that suffered by others in the vicinity, substantial testimony was elicited by defendant from plaintiffs' own witnesses which tended to show that while plaintiffs may have suffered more than others in the vicinity by reason of the presence of this coal chute and the operation of trains in connection with it, yet that it was not different in kind from that suffered by these others. With this conflict, it was for the jury to say which version it would accept.

The law as to actions of this kind is very fully set out by our Supreme Court in John K. Cummings Realty & Investment Co. v. Deere & Company, 208 Mo. 66, 106 S. W. 496. In the light of that decision we find no error in the instruction given by the court at the instance of the defendant in this case. It is in line with authority and is in entire accord with declarations in many cases decided by our Supreme and Appellate Courts. Thus in Smiths' v. McConathy, 11 Mo. 518, l. c. 522, it is said: ''No one individual can maintain an action for a public nuisance, unless he has sustained some special damage for such nuisance, over and above the injury which the community at large suffer.'' So too it was held in Thompson & Son v. Macon City, 106 Mo. App. 84, 80 S. W. 1, that case citing Fairchild v. City of St. Louis, 97 Mo. 85, 11 S. W. 60; Canman v. City of St. Louis, 97 Mo. 92, 11 S. W. 60; Rude v. City of St. Louis, 93 Mo. 408, 6 S. W. 257; Ruckert v. Grand Avenue Ry. Co., 163 Mo. 260, 63 S. W. 814; Nagel v.

Lindell Ry. Co., 167 Mo. 89, 66 S. W. 1090. See also Givens v. Van Studdiford, 86 Mo 149, l. c. 158.

It is claimed by learned counsel for respondent that the instruction given for appellant, defendant below, is an exact duplicate of that given by the court in Smith v. City of Sedalia, 152 Mo. 283, 53 S. W. 907, and which was there held erroneous. The instruction there referred to was marked ''E,'' given by the court of its own motion, and will be found l. c. 295. It is as follows:

''E. Although the jury may believe that the discharge of sewage into the stream in question amounts to a nuisance, yet the plaintiff cannot recover unless the jury further find that the damage, if any, suffered by plaintiff is peculiar to him, being such as is different in kind and not simply in degree from that sustained by other persons owning land in the same general locality.''

Referring to this instruction, it is said by our Supreme Court in Smith v. Sedalia, supra, l. c. 302, that the only criticism suggested ''is that in its first clause it presents an hypothesis for which there is no justification in the evidence. If there was any evidence on which to base a finding that the natural drainage and the private sewers created a nuisance in extent equal to that existing at the time of bringing this suit, it has escaped our notice. At all events, if there was a scintilla of such evidence, it was so overcome that the trial court would have been justified in granting a new trial on that account.'' In the case at bar, however, as before remarked, there is substantial evidence that the inconvenience suffered by plaintiffs and the damage sustained by them by reason of the presence of this coal chute and its operation, did not differ in kind from that suffered by other property holders or persons in that vicinity, while there is also evidence tending to show that the damage sustained by plaintiffs was more in degree than those of the

others in that neighborhood. Hence, properly a case for the jury. Commenting on this same instruction "E," the Supreme Court has said in Smith v. Sedalia, supra, l. c. 301: "The principle intended to be expressed there, to-wit, that plaintiff could recover only for damage peculiar to himself, differing in kind, not simply in degree, from that suffered by others, is applicable where complaint is made of a public nuisance, as for instance when a public street is obstructed. If the plaintiff in such case is inconvenienced only in the same way that other citizens suffer, though perhaps to a greater degree than some others, he cannot recover." So that it is inaccurate to say that the whole of this instruction "E," was condemned by our Supreme Court as erroneous. Its condemnation of that instruction only goes to the first part of it, which submitted to the jury as a preliminary question of fact, a matter as to which the court found there was no testimony whatsoever in the case. In that respect the case at bar differs from that of Smith v. Sedalia, supra.

On consideration of the facts in the case and of the authorities, we are compelled to hold that the learned trial court committed error in sustaining the motion for a new trial for the alleged error in the instruction given at the instance of defendant. That instruction was within the law and the facts.

No other errors in the progress of the trial are suggested by the learned counsel for the respondents. The sole question presented is as to the correctness of this instruction, and that is the only matter open to us for review.

The action of the circuit court in granting a new trial is reversed, and this cause is remanded with directions to the circuit court to overrule the motion for new trial and to reinstate the verdict of the jury in favor of the defendant. *Nortoni* and *Allen, JJ.,* concur.